J-A05012-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| NATHANIEL TURNER | : | |
| | : | |
| Appellant | : | No. 285 EDA 2020 |

Appeal from the PCRA Order Entered December 13, 2019
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0313401-2003,
CP-51-CR-0313411-2003

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| NATHANIEL TURNER | : | |
| | : | |
| Appellant | : | No. 286 EDA 2020 |

Appeal from the PCRA Order Entered December 13, 2019
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0313401-2003,
CP-51-CR-0313411-2003

BEFORE:   OLSON, J., NICHOLS, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY OLSON, J.:                    **FILED JULY 20, 2021**

---

[*] Former Justice specially assigned to the Superior Court.

Appellant, Nathaniel Turner, appeals *pro se* from the order entered on December 13, 2019, dismissing his fourth petition filed pursuant to the Post Conviction Relief Act[1] (PCRA) as untimely.  We affirm.

We briefly summarize the facts and procedural history of this case as follows.  In 2003, a jury convicted Appellant of robbery, aggravated assault, and criminal conspiracy.[2]  The trial court sentenced Appellant to an aggregate term of 25 to 50 years of imprisonment.  On January 20, 2005, this Court affirmed Appellant's judgment of sentence.  **Commonwealth v. Turner**, 872 A.2d 1276 (Pa. Super. 2005) (unpublished memorandum).  Appellant did not seek further review with our Supreme Court.  On March 28, 2005, Appellant filed his first PCRA petition.  The PCRA court dismissed the petition as meritless.  We affirmed the decision and our Supreme Court denied further review.  **Commonwealth v. Turner**, 951 A.2d 1219 (Pa. Super. 2008) (unpublished memorandum), *appeal denied*, **Commonwealth v. Turner**, 959 A.2d 320 (Pa. 2008).  Appellant filed two subsequent PCRA petitions on September 6, 2012, and October 20, 2014, respectively, which were dismissed as untimely.  Most recently, on January 24, 2019, Appellant filed a *pro se* PCRA petition, which he later amended.  On October 4, 2019, the PCRA court entered an order pursuant to Pa.R.Crim.P. 907, declaring its intent to

_____

[1] 42 Pa.C.S.A. §§ 9541-9546.

[2] 18 Pa.C.S.A. §§ 3701, 2702, and 903, respectively.

dismiss Appellant's *pro se* PCRA petition without conducting an evidentiary hearing.[3] On December 13, 2019, the PCRA court entered an order dismissing Appellant's PCRA petition as untimely and not subject to exception. This timely appeal resulted.[4]

On appeal *pro se*, Appellant presents the following issues for our review:

> I. Did the [PCRA] court err[] in dismissing [Appellant's PCRA] petition as untimely [when Appellant] filed his PCRA [petition pursuant to [42 Pa.C.S.A.] § 9545(b)(1)(ii), [relying upon the newly-discovered] facts exception?
>
> II. [Did] the trial court's jury instruction defining reasonable doubt violate[ Appellant's] Fourteenth Amendment right to due process of law?
>
> III. [Was] trial counsel ineffective for failing to object to the trial court's instruction defining reasonable doubt to the jury?

---

[3] From a review of the certified record, it does not appear that Appellant responded.

[4] Appellant filed a *pro se* notice of appeal on January 2, 2020. Although Appellant filed a single notice of appeal listing both trial court docket numbers, as captioned above, in contravention of our Supreme Court's decision in ***Commonwealth v. Walker***, 185 A.3d 969 (Pa. 2018), the PCRA court order directed Appellant to file "an appeal." We excuse Appellant's non-compliance due to a breakdown in court operations. ***See Commonwealth v. Stansbury***, 219 A.3d 157, 160 (Pa. Super. 2019), *appeal denied*, 235 A.3d 1073 (Pa. 2020) (holding that "while ***Walker*** required that [Stansbury] file separate notices of appeal at each docket number, the PCRA court informed Appellant that he could pursue appellate review by filing a single notice of appeal. We conclude that such misstatements as to the manner that [Stansbury] could effectuate an appeal from the PCRA court's order amount to a breakdown in court operations such that we may overlook the defect[.]"). The PCRA court filed an opinion pursuant to Pa.R.A.P. 1925(a) on May 18, 2020. This Court consolidated Appellant's appeals *sua sponte* on June 10, 2020.

IV.     [Was] PCRA counsel ineffective for failing to raise trial counsel's ineffectiveness for failure to object to the trial court's reasonable doubt instruction[?]

Appellant's *Pro Se* Brief at VI (complete capitalization omitted).

All of Appellant's issues relate to the timeliness of Appellant's fourth petition, a threshold inquiry which implicates jurisdiction over the instant collateral claims. As such, we shall examine them in a single discussion.

Appellant claims that the trial court's jury instruction defining reasonable doubt violated his Fourteenth Amendment right to due process of law. *Id.* at 9-10. Specifically, Appellant cites the following jury instruction given at trial as improper:

Although the Commonwealth does bear the burden of proof, this does not mean the Commonwealth must prove its case beyond all doubt. The Commonwealth is not required to prove its case to a mathematical certainty. The Commonwealth merely must meet reasonable doubt. Reasonable doubt is a doubt that would cause a reasonably careful and sensible person to hesitate or pause, to refrain from acting upon a matter of the highest importance in their own affairs or in their own interests. A reasonable doubt must fairly arise out of the evidence which was presented or out of lack of evidence presented with respect to some element of each of the crimes.

Ladies and Gentlemen, let's say, for example, that someone you love dearly, your significant other, your child, your niece, your nephew, were told that [he or she] had a life[-]threatening condition, and the physician said, I don't promise you that we can cure it, but our best protocol is surgery. Very likely, you get a second opinion. If you're like me, you'd seek a third opinion. You would probably go to the Internet and research everything you could about this condition. You'd probably call everybody in the family and ask them their opinion. Everybody you trust. But at some point, the question is called. You have to make a decision; Do I go forward with the surgery, it's not necessarily, because all doubt has been eliminated. The doctor can't promise you that

> there will be a cure.  But if you have passed, reasonable doubt, then you will go forward with the surgery.

Appellant's *Pro Se* Brief at 9-10, *citing* N.T., 08/07/2003, at 17-20.  Appellant argues that this jury instruction on reasonable doubt was deemed to violate a defendant's due process rights in federal court, specifically, in the Eastern District of Pennsylvania in the 2017 case of **Brooks v. Gilmore**, 2017 WL 3475475 (E.D. Pa. 2017).  Appellant's *Pro Se* Brief at 12.  As such, Appellant argues that trial counsel was ineffective for failing to object to the instruction at trial.  **Id.** at 12-13.  He further claims that prior PCRA counsel was ineffective for failing to raise trial counsel's ineffectiveness in this regard.  **Id.** at 14-15.  Appellant acknowledges that his fourth PCRA petition was untimely on its face, but he contends that it is subject to the newly-discovered facts exception to the PCRA's timeliness requirements under 42 Pa.C.S.A. § 9545(b)(1)(ii).  **Id.** at 4-8.  Appellant claims that he filed his PCRA petition after learning of the 2017 **Brooks** decision from a *Philadelphia Inquirer* article dated January 2, 2019.  **Id.** at 4.  Appellant maintains "the newspaper reported that [the trial court's] reasonable doubt jury instructions in trials that she presided over were unconstitutional."  **Id.**  Accordingly, Appellant contends that the PCRA court erred by dismissing his PCRA petition as untimely and not subject to a the newly-discovered facts exception to the PCRA.

We have previously determined:

> This Court's standard of review regarding an order denying a petition under the PCRA is whether the determination of the PCRA

- 5 -

court is supported by the evidence of record and is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record.

Pennsylvania law makes clear no court has jurisdiction to hear an untimely PCRA petition. The most recent amendments to the PCRA, effective January 16, 1996, provide a PCRA petition, including a second or subsequent petition, shall be filed within one year of the date the underlying judgment becomes final. 42 Pa.C.S.A. § 9545(b)(1). A judgment is deemed final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3).

[There are] three statutory exceptions to the timeliness provisions in the PCRA [that] allow for the very limited circumstances under which the late filing of a petition will be excused. 42 Pa.C.S.A. § 9545(b)(1). To invoke an exception, a petitioner must allege and prove:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

We emphasize that it is the petitioner who bears the burden to allege and prove that one of the timeliness exceptions applies. Lastly, there is no generalized equitable exception to the jurisdictional one-year time bar pertaining to post-conviction petitions.

*Commonwealth v. Vinson*, 249 A.3d 1197, 1203–04 (Pa. Super. 2021) (internal case citations and some quotations omitted).

Here, Appellant filed his most recent PCRA petition on January 24, 2019, almost 13 years after his judgment of sentence became final. As such, it was patently untimely. Appellant, however, claims that he filed his PCRA petition after learning of a newspaper article dated January 2, 2019, which discussed the 2017 federal decision in *Brooks*.

As this Court has previously stated:

The timeliness exception set forth in Section 9545(b)(1)(ii) requires a petitioner to demonstrate he did not know the facts upon which he based his petition and could not have learned those facts earlier by the exercise of due diligence. Due diligence demands that the petitioner take reasonable steps to protect his own interests. A petitioner must explain why he could not have learned the new fact(s) earlier with the exercise of due diligence. This rule is strictly enforced. Additionally, the focus of this exception is on the newly-discovered facts, not on a newly-discovered or newly-willing source for previously known facts.

The timeliness exception set forth at Section 9545(b)(1)(ii) has often mistakenly been referred to as the "after-discovered evidence" exception. This shorthand reference was a misnomer, since the plain language of subsection (b)(1)(ii) does not require the petitioner to allege and prove a claim of after-discovered evidence. Rather, as an initial jurisdictional threshold, Section 9545(b)(1)(ii) requires a petitioner to allege and prove that there were facts unknown to him and that he exercised due diligence in discovering those facts. Once jurisdiction is established, a PCRA petitioner can present a substantive after-discovered-evidence claim. In other words:

Subsection (b)(1)(ii) has two components, which must be alleged and proved. Namely, the petitioner must establish that: 1) the **facts** upon which the claim was predicated were **unknown** and 2) could not have been ascertained by the

exercise of **due diligence**. If the petitioner alleges and proves these two components, then the PCRA court has jurisdiction over the claim under this subsection.

Thus, the new facts exception at Section 9545(b)(1)(ii) does not require any merits analysis of an underlying after-discovered-evidence claim.

***Commonwealth v. Howard***, 2021 PA Super 75, 249 A.3d 1229, 1234–35 (2021) (internal citations, brackets, and most quotations omitted; emphasis in original).

Here, the PCRA court determined:

[T]he newly discovered evidence exception does not apply. First, the trial court's jury instructions are not [newly-discovered] facts because [Appellant] knew about the jury instructions since his 2003 trial. Second, a newspaper article about a federal court's decision in another case involving the same judge that presided over [Appellant's] trial does not qualify as [a newly-discovered fact]. Third, the federal court opinion referenced in the 2019 article was published in 2017 and thus was easily discovered by [Appellant] as a matter of public record in 2017.[5] As a result, [Appellant] cannot prove that the alleged improper jury instructions were unknown to him and unattainable through due diligence such that he was unable to timely raise this issue.

PCRA Court Opinion, 5/18/2020, at 5 (internal citations omitted).

Upon review, we agree that Appellant failed to establish that the facts underlying his current claim were unknown to him or could not have been ascertained by the exercise of due diligence. The jury instruction at issue was

---

[5]  We recognize that the Pennsylvania Supreme Court has held "that the presumption that information which is of public record cannot be deemed 'unknown' for purposes of subsection 9545(b)(1)(ii) does not apply to *pro se* prisoner petitioners." ***Commonwealth v. Burton***, 158 A.3d 618, 638 (Pa. 2017).

known to Appellant at the time it was given at trial in 2003. Moreover, the

*Brooks* decision, upon which Appellant relies, was filed in 2017. Our Supreme

Court has held "that subsequent decisional law does not amount to a new 'fact'

under [S]ection 9545(b)(1)(ii) of the PCRA." ***Commonwealth. v. Watts***, 23

A.3d 980, 987 (Pa. 2011). Moreover, Appellant has not shown that he

exercised due diligence by filing his current PCRA petition, two years after

*Brooks* was decided, upon learning about the *Philadelphia Inquirer* article in

2019. ***See Commonwealth v. Sanchez***, 204 A.3d 524, 526 (Pa. Super.

2019) (rejecting reliance upon a Pennsylvania Law Weekly article describing

police misconduct as a newly-discovered fact when Sanchez did not explain

why he could not have uncovered the alleged new fact sooner with due

diligence and instead filed his PCRA petition almost a year after the alleged

misconduct took place). Accordingly, we agree with the PCRA court's

assessment that the after-discovered fact exception to the PCRA was

inapplicable instantly.[6]

_____

[6] Furthermore, even if the PCRA court had jurisdiction to entertain Appellant's
collateral claims, it properly dismissed the PCRA petition because the issues
are entirely without merit. ***See Commonwealth v. Ford***, 44 A.3d 1190,
1194 (Pa. Super. 2012) (citation omitted) ("This Court may affirm a PCRA
court's decision on any grounds if the record supports it."). Prior panels of
this Court have recently rejected almost identical arguments regarding the
reasonable doubt jury instruction at issue herein. ***See*** Pa.R.A.P. 126(b)
(unpublished non-precedential decisions of the Superior Court filed after May
1, 2019, may be cited for their persuasive value). For example, in
***Commonwealth v. Vando***, 242 A.3d 457 (Pa. Super. 2020) (unpublished
memorandum), we determined:

*(Footnote Continued Next Page)*

Preliminarily, insofar as [Vando] relies on **Brooks**, which found an identical instruction by the same judge unconstitutional, we reiterate that we are "not bound by the decisions of federal courts inferior to the U.S. Supreme Court." **In re Stevenson**, 40 A.3d 1212, 1216 (Pa. 2012). Even if we were to find **Brooks** persuasive, [Vando's] trial occurred in 2011, and the **Brooks** decision was not issued until 2017. In Pennsylvania, it is well established "that counsel cannot be deemed ineffective for failing to predict changes in the law." **Commonwealth v. Cousar**, 154 A.3d 287, 303 (Pa. 2017) (citations omitted). As such, one cannot deem [Vando's] trial counsel ineffective for failing to predict that a federal district court would interpret the law concerning a jury instruction to [Vando's] benefit six years after his trial.

At the time of [Vando's] trial, there was no binding precedent for counsel to follow. Additionally, while the trial court's specific example has not been reviewed in a published opinion of this Court, this Court has interpreted similar instructions differently from **Brooks** at least twice since [Vando's] trial. **See Commonwealth v. Nam**, 221 A.3d 301 (Pa. Super. 2019) (unpublished memorandum) and **Commonwealth v. Moore**, 225 A.3d 1155 (Pa. Super. 2019) (unpublished memorandum). We find the reasoning of these cases to be more persuasive than the reasoning in **Brooks**.

In **Nam**, this Court addressed a nearly identical reasonable doubt instruction and determined that "when read in context of the entire instruction, the entire instruction states the law accurately." **Nam**, 221 A.3d 301 (unpublished memorandum at 6). This Court also stated the trial court "used language similar to the standard instruction both before and after using a hypothetical to explain the concept of reasonable doubt," and "[a]lthough [the court's] instruction was personalized, trial judges are granted a certain degree of latitude in their jury instructions." **Id.**

In **Moore**, this Court again analyzed a substantially similar jury instruction and found the surgery analogy part of the instruction was "at best ambiguous" as to whether it lowered or increased the degree of doubt. **Moore**, 225 A.3d 1155 (unpublished memorandum at 9). The **Moore** court determined, in viewing the medical illustration in combination with the trial court's accurate definition of the reasonable doubt standard, it did not believe

*(Footnote Continued Next Page)*

- 10 -

J-A05012-21

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/20/2021

---

there was a "reasonable likelihood" that the jury applied the reasonable doubt standard in an unconstitutional manner.  ***Id.***

***Commonwealth v. Vando***, 242 A.3d 457 (Pa. Super. 2020) (unpublished memorandum) at *6-7.  Since ***Vando***, another panel of this Court reached a similar conclusion in ***Commonwealth v. Gamble***, 2021 WL 2395949 (Pa. Super. June 8, 2021) (unpublished memorandum).  Hence, this Court has already rejected the precise issue Appellant currently raises.  As such, he is not entitled to relief under the PCRA.  Accordingly, we affirm the PCRA court's decision on this basis, as well.

- 11 -