J-S25042-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JOSHUA PAYNE | : | |
| | : | |
| Appellant | : | No. 331 EDA 2021 |

Appeal from the PCRA Order Entered January 4, 2021
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0904611-2005

BEFORE: BENDER, P.J.E., McLAUGHLIN, J., and PELLEGRINI, J.[*]

MEMORANDUM BY PELLEGRINI, J.: **FILED SEPTEMBER 13, 2021**

Joshua Payne (Payne) appeals *pro se* from the order entered in the Court of Common Pleas of Philadelphia County (PCRA court) dismissing his second petition filed pursuant to the Post-Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546 as untimely. Payne raises claims of ineffective assistance of counsel. We affirm.

**I.**

The relevant facts and procedural history of this case are as follows. On May 10, 2006, Payne entered a negotiated guilty plea to third-degree murder, carrying a firearm without a license and possession of an instrument of a crime. The trial court sentenced him to an aggregate term of 25 to 50 years'

_____

[*] Retired Senior Judge assigned to the Superior Court.

incarceration. Payne did not file a direct appeal. in 2007, he unsuccessfully litigated his first PCRA petition in which he claimed he was induced to plead guilty because he was misled about the negotiated term of imprisonment.

In July 2018, Payne filed this *pro se* PCRA petition in which he averred that PCRA counsel were ineffective by "neglecting to produce documentation of his mental health history" and "denying him a mental health evaluation and possibly a[n] insanity or diminish[ed] capacity defense." (PCRA Petition, 7/17/18, at 3). Payne did not address the timeliness of his petition or plead any statutory exception to the timeliness requirement. The PCRA court issued notice of its intent to dismiss the petition without a hearing on October 10, 2020. **See** Pa.R.Crim.P. 907(1).

On December 1, 2020, Payne responded to the Rule 907 notice by asserting, for the first time, that his claim fell within the newly-discovered facts exception to the PCRA's time-bar. Payne attached a letter dated August 10, 2015, addressed to him from Robert W. Meek of the Disability Rights Network of Pennsylvania advising him of his various mental health and substance abuse disorders and then-current medications. Payne claims that if trial counsel had requested a competency hearing at the time of the guilty plea, the evidence would have shown that he was incompetent to enter the plea.

On January 4, 2021, the PCRA court dismissed the PCRA petition as untimely. It explained that Payne's petition did not plead and prove

applicability of any exception to the PCRA time-bar, and that his claims of ineffective assistance of counsel did not meet the statutory requirements for such exception. Payne timely appealed.[1]

**II.**

Before considering the merits of Payne's PCRA petition, we must first determine whether it is timely in accordance with the PCRA's jurisdictional time-bar.[2] A PCRA petition, "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final." 42 Pa.C.S. § 9545(b)(1). "A judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3). Because the timeliness requirements of the PCRA are jurisdictional in nature, courts cannot address the merits of an untimely petition. **See Commonwealth v. Moore**, 247 A.3d 990, 998 (Pa. 2021).

Payne's judgment of sentence became final in June 2006 after he declined to file a direct appeal. **See** 42 Pa.C.S. § 9545(b)(3). Because he did

---

[1] The PCRA court did not order Payne to file a Rule 1925(b) statement. It refiled its January 4, 2021 opinion on January 21, 2021. **See** Pa.R.A.P. 1925(a)-(b).

[2] Whether a PCRA petition is timely raises a question of law over which our standard of review is *de novo*. **See Commonwealth v. Reid,** 235 A.3d 1124, 1166 (Pa. 2020).

not file the instant PCRA petition until more than a decade later, on July 17, 2018, it is facially untimely and he must plead and prove one of the exceptions to the PCRA's timeliness requirements. There are three limited exceptions to the jurisdictional time-bar:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii).

Payne's PCRA petition did not allege any of these timeliness exceptions but, instead, raised allegations of ineffective assistance of counsel. However, as the PCRA court explained, there is no statutory exception to the PCRA time-bar applicable to ineffective assistance of counsel claims. **See Commonwealth v. Vinson**, 249 A.3d 1197, 1206 (Pa. Super. 2021). "It is a well-settled proposition that couching post-conviction issues in terms of ineffectiveness cannot 'save' an untimely filed PCRA petition that does not fall into any of the exceptions to the PCRA's jurisdiction time bar." **Id.** (citation omitted). Payne's claims of ineffective assistance of counsel do not overcome the court's lack of jurisdiction to address them.

- 4 -

With regard to Payne's invocation of the newly-discovered facts exception at Section 9545(b)(1)(ii), the first time he pled it was in his response to the PCRA court's Rule 907 notice. As the Commonwealth notes, this is an inadequate means of meeting his burden under the PCRA. (**See** Commonwealth's Brief, at 8-9).

A Rule 907 pre-dismissal notice affords a petitioner the opportunity to seek leave to amend his petition to correct any material defects. **See Commonwealth v. Weimer**, 167 A.3d 78, 86 (Pa. Super. 2017). "The rule does not treat a response to its notice of dismissal as either an amended petition or a serial petition." **Commonwealth v. Rykard**, 55 A.3d 1177, 1187 (Pa. Super. 2012). The law requires leave of court to submit an amended petition. **See id.**; **see also** Pa.R.Crim.P. 905(A). If Payne wished to properly allege the newly-discovered facts exception after the court issued the Rule 907 notice, he should have sought leave to amend his petition in order to present such allegations. **See Commonwealth v. Derrickson**, 923 A.2d 466, 468-69 (Pa. Super. 2007) (concluding that because appellant's PCRA petition failed to allege any exception to the PCRA's jurisdictional time-bar and he invoked an exception for first time in response to Rule 907 notice, court did not err in dismissing PCRA petition without a hearing).

Finally, even if Payne had raised his argument regarding the after-discovered facts exception in his PCRA petition, he would not be entitled to relief. Payne was required to present his claim based on the August 2015

letter within 60 days after his receipt of it based on the prior version of Section 9545(b)(2) of the PCRA. **See** 42 Pa.C.S. § 9545(b)(2).[3] Because this letter is dated August 2015, his petition filed in July 2018 is well outside of the 60-day time frame for raising his claim. For all of the foregoing reasons, we affirm the PCRA court's order dismissing Payne's second PCRA petition as untimely.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/13/2021

---

[3] As of December 24, 2018, Section 9545(b)(2) states that any PCRA petition invoking a time-bar exception must be filed within one year of the date the claim could first have been presented. **See** Act 2018, Oct. 24, P.L. 894, No. 146, § 3, effective Dec. 24, 2018. The amendment applies only to claims arising on or after December 24, 2017. The instant letter was written to Payne in 2015, prior to the effective date of the amendment.