J-S08037-21

2021 PA Super 65

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
JASON BRANDON VINSON :
:
Appellant : No. 645 MDA 2020

Appeal from the PCRA Order Entered March 27, 2020
In the Court of Common Pleas of Lycoming County Criminal Division at
No(s):  CP-41-CR-0001574-2014,
CP-41-CR-0002027-2014

BEFORE:   STABILE, J., KUNSELMAN, J., and STEVENS, P.J.E.[*]

OPINION BY STEVENS, P.J.E.:                    **FILED APRIL 14, 2021**

Appellant, Jason Brandon Vinson, appeals from the March 27, 2020, order entered in the Court of Common Pleas of Lycoming County dismissing his first petition filed under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546, at lower court docket numbers CP-41-CR-0002027-2014 ("CR-2027-2014") and CP-41-CR-0001574-2014 ("CR-1574-2014"). After a careful review, we affirm.

The relevant facts and procedural history are as follows:  On March 3, 2017, at lower court docket number CR-2027-2014, Appellant, who was represented by private counsel, George Lepley, Esquire, pled *nolo contendere* to two counts of burglary, one count of conspiracy to commit burglary, one

_____

[*] Former Justice specially assigned to the Superior Court.

count of criminal trespass, three counts of theft by unlawful taking, and two counts of receiving stolen property. On April 17, 2017, at lower court docket number CR-1574-2014, Appellant pled guilty to one count of theft from a motor vehicle.

The cases were consolidated for sentencing, and following a sentencing hearing on November 21, 2017, Appellant was sentenced to ten years to twenty years for one count of burglary, one and one-half years to five years for one count of receiving stolen property, and one and one-half years to five years for one count of theft by unlawful taking. These sentences were imposed consecutively to one another.[1]

At the conclusion of the sentencing hearing, the trial court provided Appellant with his post-sentence and appellate rights. N.T., 11/21/17, at 31. The trial court informed Appellant that, since he was represented by counsel, he should file his post-sentence motion or direct appeal with the assistance of counsel. *Id.*

Thereafter, on November 30, 2017, despite being represented by counsel, Appellant filed a *pro se* post-sentence motion at each lower court docket number. On December 28, 2017, new private counsel, Michael C. Morrone, Esquire, entered his appearance on behalf of Appellant. On

---

[1] All other charges either merged for sentencing purposes or were ordered to run concurrently.

December 29, 2017, Attorney Morrone filed a post-sentence motion on behalf of Appellant at each lower court docket number.

On March 9, 2018, the trial court held a post-sentence motion hearing at which Appellant, Attorney Lepley, and Attorney Morrone were present. During the hearing, Appellant admitted that, after sentencing, he did not ask his counsel, Attorney Lepley, to file post-sentence motions or a direct appeal. N.T., 3/9/18, at 9. Attorney Morrone testified he met with Appellant on December 29, 2017, and he filed a post-sentence motion after the meeting. *Id.* at 8. The trial court noted on the record that Attorney Lepley had not requested permission to withdraw his representation, and during the time period for Appellant to file a timely post-sentence motion, Appellant was represented by Attorney Lepley. *Id.* at 10-11.

Accordingly, the trial court determined Appellant's November 30, 2017, *pro se* post-sentence motion was a legal nullity. *Id.* at 12-13. The trial court further indicated the counseled December 29, 2017, post-sentence motion was untimely, and the trial court denied Appellant permission to file a post-sentence motion *nunc pro tunc*. The trial court noted it was granting Attorney Lepley permission to withdraw his representation and Attorney Morrone would represent Appellant in future proceedings. *Id.* at 13.

On April 4, 2018, despite the fact he was represented by Attorney Morrone, Appellant filed a *pro se* appeal to this Court, and on September 13,

2018, this Court issued a rule to show cause as to why the appeal should not be quashed as untimely.

On September 27, 2018, Attorney Morrone filed a response on behalf of Appellant indicating that Appellant filed "a timely *pro se* post-sentence motion, which [had] never been denied or acted upon by the trial court." Appellant's Counseled Response, filed 9/27/18. He requested that this Court remand the matter and direct the trial court to rule on the November 30, 2017, *pro se* post-sentence motion. ***Id.***

By order entered on September 28, 2018, this Court *sua sponte* quashed Appellant's *pro se* appeal as untimely filed. Specifically, we held the following:

> Appellant was sentenced on November 21, 2017. Before trial counsel was granted leave to withdraw, Appellant filed a *pro se* post-sentence motion on November 30, 2017. New appellate counsel subsequently filed a post-sentence motion on December 29, 2017. The trial court denied counsel's motion on March 9, 2018, and also denied Appellant permission to file a post-sentence motion *nunc pro tunc*. Appellant filed a notice of appeal on April 6, 2018.

> A notice of appeal must be filed within 30 days of the entry of the order being appealed. ***See*** Pa.R.A.P. 903(a); ***Commonwealth v. Moir***, 766 A.2d 1253 (Pa.Super. 2000). This Court may not extend the time for filing a notice of appeal. ***See*** Pa.R.A.P. 105(b). Pa.R.Crim.P. 720 provides that a party may file post-sentence motions no later than 10 days after imposition of sentence. A timely motion tolls the appeal period; an untimely motion does not. ***Commonwealth v. Dreves***, 839 A.2d 1122 (Pa.Super. 2003 (*en banc*); ***Commonwealth v. Felmlee***, 828 A.2d 1105 (Pa.Super. 2003) (*en banc*). Where a party is represented by counsel and files a *pro se* pleading, the proper response is to refer the pleading, which is a nullity, to counsel. ***See*** Pa.R.Crim.P. 576(a)(4); ***Commonwealth v. Jette***, 23 A.3d 1032 (Pa. 2011); ***Commonwealth v. Ellis***, 626 A.2d 1137 (Pa. 1993) (defendant does not have right to self-representation together with counseled representation at trial or appellate level);

- 4 -

> ***Commonwealth v. Nischan***, 928 A.2d 349 (Pa.Super. 2007) (rejecting *pro se* post-sentence motion filed by counseled defendant as nullity).
>
> By this Court's order of September 13, 2018, Appellant was directed to show cause as to why this appeal should not be quashed as untimely filed. Appellant filed a response, but did not present legal argument to justify this Court's jurisdiction. Therefore, the above-captioned appeal is hereby **QUASHED**.

***Commonwealth v. Vinson***, 611 MDA 2018 (Pa.Super. filed 9/28/18) (*per curiam* order).

Appellant did not file a petition for allowance of appeal with our Supreme Court. Rather, on March 7, 2019, Appellant, represented by Attorney Morrone, filed a counseled PCRA petition at each lower court docket number, and on August 30, 2019, as well as on November 6, 2019, Appellant filed counseled amended PCRA petitions.

Following a hearing, on March 27, 2020, the PCRA court dismissed Appellant's PCRA petition on the basis it was untimely filed. The order was filed at both lower court docket numbers CR-1574-2014 and CR-2027-2014.

On April 24, 2020, Attorney Morrone filed on behalf of Appellant a single notice of appeal, which listed both docket numbers CR-1574-2014 and CR-2027-2014.[2] The PCRA court did not order Appellant to file a Pa.R.A.P.

---

[2] Since Appellant's notice of appeal contained multiple lower court docket numbers, on June 15, 2020, this Court issued a rule to show cause as to why the appeal should not be quashed under ***Commonwealth v. Walker***, 185 A.3d 969 (Pa. 2018). Appellant filed a counseled response on June 22, 2020,

- 5 -

1925(b) statement, and consequently, Appellant did not file a Rule 1925(b) statement. The PCRA court filed a Pa.R.A.P. 1925(a) opinion.

On appeal, Appellant sets forth the following issues in his "Statement of Questions Involved" (verbatim):

1. Rather than quash this appeal pursuant to **Walker**, should this Court allow a remand so that counsel can cure prior counsel's[3] failure to file multiple notices of appeal on both docket numbers?

2. Should this Court reverse the PCRA court's finding of untimeliness where such a finding violates Defendant's state and federal constitutional rights to effective assistance of collateral counsel?

Appellant's Brief at 2 (suggested answers omitted) (footnote added).

Initially, we address whether the instant appeal should be quashed under **Commonwealth v. Walker**, 185 A.3d 969 (Pa. 2018). In **Walker**, our Supreme Court held on June 1, 2018, that "prospectively, where a single order resolves issues arising on more than one docket, separate notices of appeal must be filed for each case." **Walker**, 185 A.3d at 971. The Court explained that "[t]he Official Note to [Pa.R.A.P.] 341 provides a bright-line mandatory instruction to practitioners to file separate notices of appeal." **Id.**

_____

and the rule to show cause was discharged by this Court on November 30, 2020.

[3] On May 13, 2020, Attorney Morrone filed a motion to withdraw as counsel, and on May 20, 2020, this Court granted the motion. On May 29, 2020, new counsel, Todd M. Mosser, Esquire, entered his appearance on behalf of Appellant.

at 976-77. Further, the Court announced that "the proper practice under [Pa.R.A.P.] 341(a) is to file separate appeals from an order that resolves issues arising on more than one docket." *Id.* at 977. "The failure to do so," the Supreme Court continued, "will result in quashal of the appeal." *Id.* (footnote omitted).

Subsequently, in *Commonwealth v. Stansbury*, 219 A.3d 157 (Pa.Super. 2019), this Court recognized that the failure to file separate notices of appeal may be excused where there is a breakdown in the operation of the trial court. *Id.* at 160. Specifically, this Court noted that "[w]e have many times declined to quash an appeal when the defect resulted from an appellant's acting in accordance with misinformation relayed to him by the trial court." *Id.*

In *Stansbury*, the PCRA court advised the appellant that he had thirty days "'to file a written notice of appeal to the Superior Court. Said notice of appeal must be filed with the Clerk of Courts….'" *Id.* at 159 (quoting trial court order) (emphasis omitted). On appeal, this Court concluded the PCRA court's failure to advise the appellant of the need to file separate notices of appeal constituted "a breakdown in the court operations such that we may overlook" any *Walker* defect." *Id.* at 160. Therefore, this Court declined to quash Stansbury's appeal under *Walker* and addressed the substance of his appeal. *Id.* More recently, in *Commonwealth v. Larkin*, 235 A.3d 350,

353-54 (Pa.Super. 2020) (*en banc*), this Court affirmed the practice set forth in **Stansbury**.

In the case *sub judice*, on April 24, 2020, Appellant filed a single notice of appeal listing both lower court docket numbers CR-2027-2014 and CR-1574-2014. However, similar to the appellant in **Stansbury**, the PCRA court notified Appellant that "he has the right to appeal the order to the Pennsylvania Superior Court. The appeal is initiated by the filing of **a** notice of appeal[.]" PCRA Court Order, filed 3/27/20, at 6 (emphasis added). The PCRA court's order did not advise Appellant that he must file separate notices of appeal pursuant to **Walker**.

Accordingly, considering the PCRA court's instruction to Appellant to file "a" notice of appeal, we hold that a breakdown in court operations occurred such that we may overlook any record deficiencies rather than quash pursuant to **Walker**. **Larkin**, 235 A.3d at 353-54; **Stansbury**, 219 A.3d at 160. Thus, we decline to quash Appellant's appeal and will consider the merits of the appeal as to both lower court docket numbers listed on Appellant's April 24, 2020, notice of appeal.[4]

Preliminarily, we note our well-established standard of review:

---

[4] Given our analysis, to the extent Appellant's new appellate counsel requests that we remand this matter so that he may file two separate notices of appeal in compliance with **Walker**, we deny the request. As indicated *supra*, since there was a breakdown in the lower court, we shall overlook the requirements of **Walker** and, thus, not quash the appeal on this basis.

- 8 -

This Court's standard of review regarding an order denying a petition under the PCRA is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record.

***Commonwealth v. Turetsky***, 925 A.2d 876, 879 (Pa.Super. 2007) (citations omitted).

Pennsylvania law makes clear no court has jurisdiction to hear an untimely PCRA petition. The most recent amendments to the PCRA, effective January 16, 1996, provide a PCRA petition, including a second or subsequent petition, shall be filed within one year of the date the underlying judgment becomes final. 42 Pa.C.S.A. § 9545(b)(1). A judgment is deemed final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3).

***Commonwealth v. Monaco***, 996 A.2d 1076, 1079 (Pa.Super. 2010) (citations omitted).

[There are] three statutory exceptions to the timeliness provisions in the PCRA [that] allow for the very limited circumstances under which the late filing of a petition will be excused. 42 Pa.C.S.A. § 9545(b)(1). To invoke an exception, a petitioner must allege and prove:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

*Id.* at 1079-80 (citing 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii)). "We emphasize that it is the petitioner who bears the burden to allege and prove that one of the timeliness exceptions applies."[5] ***Commonwealth v. Marshall***, 947 A.2d 714, 719 (Pa. 2008) (citation omitted). Lastly, there is "no generalized equitable exception to the jurisdictional one-year time bar pertaining to post-conviction petitions." ***Commonwealth v. Brown***, 943 A.2d 264, 267 (Pa. 2008).

In the case *sub judice*, the trial court sentenced Appellant on November 21, 2017. On November 30, 2017, Appellant, who was represented by counsel, filed a *pro se* post-sentence motion. As this Court previously held in quashing Appellant's direct appeal, this *pro se* motion was a "legal nullity" since Appellant was represented by counsel at the time of the filing, and the filing constituted improper hybrid representation. ***Vinson***, ***supra***. ***See Jette***, ***supra*** (holding that when a defendant is represented by counsel the courts will not accept *pro se* motions; indeed in such a situation, *pro se* motions have

---

[5] We note 42 Pa.C.S.A. § 9545(b)(2) sets forth an initial time period in which all timeliness exceptions must be raised. Specifically, Subsection 9545(b)(2) originally provided that a petition invoking a timeliness exception was required to be filed within sixty days of the date the claim could first have been presented. However, effective December 24, 2018, the legislature amended Subsection 9545(b)(2) to read: "Any petition invoking an exception provided in paragraph (1) shall be filed within one year of the date the claim could have been presented." ***See*** 42 Pa.C.S.A. § 9545(b)(2) (effective December 24, 2018). The amendment to Subsection 9545(b)(2) only applies to "claims arising on [December] 24, 2017, or thereafter." ***See id.***, cmt. We shall assume, *arguendo*, the amended version of Subsection 9545(b)(2) is applicable to the instant matter.

- 10 -

no legal effect); ***Commonwealth v. Ali***, 10 A.3d 282, 293 (Pa. 2010) (holding *pro se* filing by a represented defendant constitutes a "legal nullity").

Additionally, the trial court denied counsel's attempt to file late post-sentence motions and denied Appellant permission to file post-sentence motions *nunc pro tunc*. Thus, Appellant's attempts to file post-sentence motions did not toll the 30-day direct appeal period. ***See Commonwealth v. Ballance***, 203 A.3d 1027 (Pa.Super. 2019) (indicating that absent proper and timely filed post-sentence motion, event triggering appeal run date remains date sentence was imposed; untimely post-sentence motion labeled *nunc pro tunc* motion does not toll time following imposition of sentence within which appeal is required to be filed); ***Commonwealth v. Williams***, 151 A.3d 621, 623 (Pa.Super. 2016) (holding *pro se* document filed by defendant represented by counsel has no tolling effect). Accordingly, Appellant's notice of appeal from his judgment of sentence was due on or before December 21, 2017. ***See*** Pa.R.A.P. 903(a) (notice of appeal shall be filed within thirty days after entry of order).

Appellant filed a direct appeal on April 4, 2018, and this Court quashed the appeal on the basis it was untimely. ***See Vinson***, ***supra***. It is well-settled that where "no timely direct appeal is filed relative to a judgment of sentence…the one-year period allowed for the filing of a post-conviction petition commences upon the actual expiration of the time period allowed for seeking direct review, as specified in the PCRA." ***Brown***, 943 A.2d at 268.

Consequently, Appellant's untimely filed direct appeal did not alter the date when his judgment of sentence became final, and, thus, his judgment of sentence became final for PCRA purposes on December 21, 2017, upon expiration of the thirty-day period for Appellant to seek direct appeal. **See Ballance**, **supra**. Further, Appellant had one year from December 21, 2017 (until December 21, 2018), to file a timely PCRA petition. Appellant, however, did not file his PCRA petition until March 7, 2019, and therefore, it is patently untimely. **See** 42 Pa.C.S.A. § 9545(b)(1).

This does not end our inquiry, however, as Appellant attempts to invoke the timeliness exception provided for in Subsection 9545(b)(1)(i) pertaining to governmental interference. In this regard, Appellant claims the Clerk of Courts of Lycoming County interfered with his direct appeal rights by transmitting his *pro se* notice of appeal to this Court. He contends that, if the appeal would not have been "initiated and then quashed,…prior counsel would have had plenty of time to file a timely PCRA petition addressing the core of [Appellant's] claims." Appellant's Brief at 7.

In order to establish the governmental interference exception, a petitioner must plead and prove (1) the failure to previously raise the claim was the result of interference by government officials and (2) the petitioner could not have obtained the information earlier with the exercise of due diligence. **Commonwealth v. Abu-Jamal**, 941 A.2d 1263, 1268 (Pa. 2008). In other words, a petitioner is required to show that but for the interference

- 12 -

of a government actor "he could not have filed his claim earlier." ***Commonwealth v. Stokes***, 959 A.2d 306, 310 (Pa. 2008).

We conclude Appellant has failed to identify "interference by government officials." In fact, the record reveals the Clerk of Courts of Lycoming County correctly complied with the Pennsylvania Rules of Appellate Procedure, as well as applicable case law, when it docketed and transmitted Appellant's April 4, 2018, *pro se* notice of appeal to this Court, even though Appellant was represented by counsel.

We have held that "[b]ecause a notice of appeal protects a constitutional right, it is distinguishable from other filings that require counsel to provide legal knowledge and strategy in creating a motion, petition or brief." ***Williams***, 151 A.3d at 624 (footnote omitted). ***See Ellis***, ***supra*** (holding that, while there is no right to hybrid representation, there is a right of appeal pursuant to Article 5, § 9 of the Pennsylvania Constitution).

Accordingly, even when an appellant is represented by counsel, an appellant's *pro se* notice of appeal must be docketed in the trial court and "forwarded to this Court pursuant to Pa.R.A.P. 902 (note)." ***Williams***, 151 A.3d at 624 (footnote omitted). This Court, in turn, is required to docket the *pro se* notice of appeal and act upon it accordingly. ***Id.***[6]

---

[6] Moreover, pursuant to Pennsylvania Rule of Criminal Procedure 575(A)(4), in addition to noting the filing of the *pro se* appeal on the docket, the notice of appeal should be forwarded to counsel of record. Such occurred in this

Based on the aforementioned, we conclude the Clerk of Court's docketing and forwarding of Appellant's *pro se* notice of appeal does not constitute "governmental interference." Indeed, had the Clerk of Courts failed to do so, such inaction would be "deem[ed]…a breakdown in the operation of the courts." **Id.** (footnote omitted). Thus, Appellant is not entitled to Subsection 9545(b)(1)(i)'s governmental interference exception on this basis.

Finally, Appellant contends this Court should overlook the untimely nature of his PCRA petition based on Attorney Morrone's alleged ineffective assistance. In this vein, Appellant argues the following:

> [Appellant]…initiated an untimely direct appeal by filing a *pro se* notice of appeal. The appeal triggered the regular appellate process in due course. Mr. Morrone did nothing. Having specifically been advised to file a PCRA petition, he should have withdrawn [Appellant's] *pro se* initiated direct appeal and moved on to filing a proper PCRA petition. No reasonable basis can be conjured up to explain this deficiency.

Appellant's Brief at 9 (citation omitted).

We begin with the pronouncement of the Pennsylvania Supreme Court in **Commonwealth v. Robinson**, 139 A.3d 178 (Pa. 2016): "[T]here is no statutory exception to the PCRA time-bar applicable to claims alleging the ineffectiveness of…counsel." **Id.** at 186. It is a "well-settled proposition that couching post-conviction issues in terms of ineffectiveness cannot 'save' an

---

case. **See Commonwealth v. Vinson**, 611 MDA 2018 (Pa.Super. filed 8/24/18) (*per curiam* order) (ordering Appellant's *pro se* appeal be forwarded to counsel of record).

untimely filed PCRA petition that does not fall into any of the exceptions to the PCRA's jurisdiction time bar." ***Id.*** at 185-86. Thus, the only exceptions to the PCRA's statutory time-bar are those outlined in Section 9545(b)(1). ***See id.***

In the case *sub judice*, Appellant requests that we overlook the untimeliness of his PCRA petition due to Attorney Morrone's alleged ineffective assistance in failing to withdraw Appellant's *pro se* direct appeal. However, Appellant has not developed an argument that this claim meets any of the timeliness exceptions set forth in 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii).[7] ***Id.*** at 186 ("[I]t is the petitioner's burden to allege and prove that one of the timeliness exceptions applies.") (citation omitted)). "The fact that [Appellant] frames his issue[] as alleging the ineffective assistance of…counsel simply does not overcome the court's lack of jurisdiction to address them." ***Id.***

For all of the foregoing reasons, we agree with the PCRA court that Appellant's first PCRA petition was untimely filed. Accordingly, we affirm.

Affirmed.

---

[7] To the extent Appellant includes his ineffective assistance of counsel claim in his argument regarding the governmental interference exception, we note defense counsel is not considered a governmental official for the purposes of 42 Pa.C.S.A. § 9545(b)(1)(i). ***See Commonwealth v. Pursell***, 749 A.2d 911, 916 (Pa. 2000).

- 15 -

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 04/14/2021