J-S21023-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| RICHARD DISCO | : | |
| | : | |
| Appellant | : | No. 1676 EDA 2020 |

Appeal from the PCRA Order Entered July 22, 2020
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-1206261-2001

BEFORE:   BOWES, J., OLSON, J., and COLINS, J.[*]

MEMORANDUM BY OLSON, J.:                    **FILED OCTOBER 26, 2021**

Appellant, Richard Disco, appeals from the order entered on July 22,

2020, dismissing his third petition filed pursuant to the Post Conviction Relief

Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546, as untimely.  We affirm.

A prior panel of this Court summarized the facts and procedural history

of this case as follows:

> On May 19, 2003, a jury convicted Appellant of multiple sex
> offenses related to the abuse of his stepdaughter.  On October 2,
> 2003, the court sentenced Appellant to an aggregate term of
> fourteen to twenty-eight years' incarceration.
>
> On August 23, 2005, this Court affirmed Appellant's convictions,
> but [] vacated his judgment of sentence and remanded the case
> to the trial court for resentencing.  ***Commonwealth v. Disco***,
> 3411 EDA 2003 (Pa. Super. 2005 filed Aug. 23, 2005). On June 8,
> 2006, the trial court resentenced Appellant to an aggregate term

_____

[*] Retired Senior Judge assigned to the Superior Court.

of ten to twenty years of incarceration. Appellant filed an appeal to this Court, which he discontinued on February 9, 2007.

On June 11, 2007, Appellant timely filed his first *pro se* PCRA petition. The PCRA court appointed counsel, who filed an amended petition. On February 9, 2009, the PCRA court dismissed Appellant's petition. This Court affirmed the [dismissal] order on August 30, 2010, and the Pennsylvania Supreme Court denied Appellant's petition for allowance of appeal on March 29, 2011. ***Commonwealth v. Disco***, 606 EDA 2009 (Pa. Super. filed Aug. 30, 2010) (unpublished memorandum), *appeal denied*, 19 A.3d 1049 (Pa. 2011).

On March 25, 2015, Appellant filed [his second] *pro se* PCRA petition. Appellant subsequently submitted four additional *pro se* filings, which the PCRA court treated as amendments to the original petition. In his filings, Appellant argued that the PCRA court should consider his petition as timely filed due to newly discovered facts, including (1) a January 15, 2015 newspaper interview with the victim, which raised questions about her mental health and cast doubt on the credibility of her accusations; (2) provocative photos of the victim from a magazine article; and (3) statements in Appellant's probation and parole board records about his behavior in the courtroom following his conviction. Appellant also argued that his sentence was illegal pursuant to the United States Supreme Court's decision in ***Alleyne v. United States***, 570 U.S. 99 (2013).

***Commonwealth v. Disco***, 2019 WL 3383892, at *1 (Pa. Super. 2019) (unpublished memorandum) (footnote omitted).

At the time Appellant filed his second PCRA petition, he had been eligible for parole for nearly two years under the terms of the sentence imposed on June 8, 2006. Because certain material included within Appellant's second PCRA petition is relevant to our disposition of the instant appeal, we briefly review the contents of that submission. Appellant filed a copy of his parole supervision history summary as an amendment to his second PCRA petition

on March 22, 2017.[1]  Appellant claimed that his parole supervision summary falsely stated:

> It should be noted that on the date of [Appellant's] conviction, 5/19/03, [Appellant] showed hostile behavior in the courtroom. After the verdict was read, [Appellant] attempted to jump over the bar of the court and attack the victim and her mother. [Appellant] was restrained by seven court sheriffs.  At this time, [Appellant] stated, "You fucking slut.  You fucking came to court and lied on me.  This is not over.  You will pay for this!"

Supervision History, 10/4/2001, at *1-2.

Referring to the summary of his supervision history, Appellant's amended second PCRA petition alleged:

> the "supervision history" document prepared by his former parole officer contained false statements, "[t]he most troubling aspect of this issue is, [Appellant] has never been interviewed by the Parole Board," and the document at issue "may have played a big part with all the problems [Appellant] has been having with the Parole Board and the Department of Corrections." Consequently, Appellant requested an evidentiary hearing and the issuance of a subpoena to the parole officer "to answer for her actions, which [have] no doubt hindered [Appellant's] ability to be paroled."

**Disco**, 2019 WL 3383892, at *1, n.1.

In its opinion disposing of Appellant's second PCRA petition, the PCRA court framed this issue as follows: "Appellant claimed the [supervision history] document contained false and incriminating statements about things he allegedly said and did after the verdict was read during his trial."  PCRA Court

_____

[1]  Appellant's parole supervision history summary was written by his parole supervisor, Dana Roth.  Agent Roth testified as a Commonwealth witness at Appellant's trial.

Opinion, 1/14/2019, at 10. Ultimately, the PCRA court determined that Appellant's second, amended PCRA petition was patently untimely, and Appellant failed to exercise due diligence to present the aforementioned information within 60 days of receiving it in order to meet the unknown facts exception to the PCRA. *Id.* at 10, n.8. Hence, Appellant did not meet the criteria of the unknown facts timeliness exception under the PCRA. The PCRA court additionally noted that Appellant's claim lacked merit because a challenge to parole status is exclusively within the Commonwealth Court's exclusive jurisdiction and not cognizable under the PCRA. *Id.* at 10. On appeal, this Court adopted and affirmed the PCRA court's opinion. *Disco*, 2019 WL 3383892, at *2. We further recognized:

> For the first time on appeal, Appellant argue[d] that the statements in his parole records call[ed] into question all of the parole officer's trial testimony, and Appellant [maintained he] should receive a new trial on this basis. Because Appellant failed to raise this argument before the PCRA court, [the prior panel of this Court found this portion of Appellant's argument] waived.

*Id.* at *2, n.2.

Most recently, on February 20, 2020, Appellant filed his third PCRA petition, *pro se*, as well as a motion for the PCRA judge's recusal.[2] Appellant claimed that he was entitled to a new trial because "[i]f Agent Roth is capable of falsifying her report to the Parole Board, after his trial, with a corrupt motive to cause him additional time of incarceration[, t]hen Agent Roth also had a

---

[2] The Honorable Shelley Robins New presided over Appellant's trial and subsequent PCRA petitions.

motive to cause Appellant harm [when testifying] during his trial." *Pro Se* PCRA Petition, 2/20/2020, at 9. Appellant also claimed that Judge Robins New knew that the statements made in his parole supervision history pertaining to the events that transpired after the verdict were false because she was present in the courtroom. *Id.* at 8. As a result, Appellant filed a complaint against Judge Robins New with the Judicial Conduct Board. To that complaint, Appellant attached copies of the PCRA court's decision from January 14, 2019, transcripts from his trial showing the events that transpired after the verdict, and Appellant's aforementioned parole supervision history summary. By letter dated December 16, 2019, the Judicial Conduct Board notified Appellant that it issued a letter of caution to Judge Robins New, closed the disciplinary matter, and dismissed Appellant's judicial conduct complaint. In his February 2020 PCRA petition, Appellant claims that he is entitled to collateral relief, now relying upon the governmental interference exception to the one-year timeliness requirement under the PCRA. To his most recent PCRA petition, Appellant attached copies of his parole supervision report, transcripts from trial, correspondence with Judge Robins New, and the complaint and decision from the Judicial Conduct Board.[3]

_____

[3] The letter of caution issued to Judge Robins New by the Judicial Conduct Board is not contained in the certified record and, thus, we are unable to review it. Appellant asserts that the Judicial Conduct Board informed him that they were unable to provide him with a copy of the letter of caution. Appellant's *Pro Se* Reply Brief, 7/13/2021, at ¶ 3.

On March 10, 2020, the PCRA court sent Appellant notice pursuant to Pa.R.Crim.P. 907, indicating the PCRA petition would be dismissed as meritless without an evidentiary hearing. The PCRA court denied relief by order entered on July 24, 2020. This timely appeal resulted.[4]

On appeal *pro se*, Appellant presents the following issues for our review:

1. Did the PCRA court err when [it] denied Appellant's motion for recusal after the Judicial Conduct Board issued a letter of caution to Judge [Robins] New, for refusing to disclose the truth about the misconduct a witness for the Commonwealth engaged in after Appellant's trial?

2. Did the PCRA court err when it dismissed Appellant's PCRA [petition] after the court incorrectly categorized and rejected Appellant's claim of misconduct by a witness for the Commonwealth as an issue of parole eligibility and having no jurisdiction over parole matters[,] when Appellant did not raise the issue of parole [] in his [] PCRA petition?

3. Did a witness for the Commonwealth have a corrupt motive to cause [Appellant] harm during his trial where there is significant evidence that this witness lied and fabricated her report to the Parole Board about things that [] Appellant did not do or say in the courtroom after the verdict was read during his trial[,] which now calls into question the reliability of this witness's testimony and reliability of every document she submitted from his parole file during the trial to stir the passions of the jurors against Appellant?

Appellant's *Pro Se* Brief at 2 (complete capitalization omitted).

---

[4] On August 20, 2020, Appellant filed a timely, *pro se* notice of appeal. On September 30, 2020, the PCRA court directed Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Appellant complied timely on November 7, 2020. On November 10, 2020, the PCRA court denied Appellant's motion for recusal. On December 22, 2020, the PCRA court issued an opinion pursuant to Pa.R.A.P. 1925(a).

Appellant's issues are inter-related, so we will address them together. Appellant claims that he is entitled to a new trial because "Appellant's then Parole Agent Dana Roth, falsified her supervision history report to the Parole Board about things [] Appellant did not do or say in the courtroom after the verdict was read during his trial[.]" *Id.* at 14. Appellant claims that his parole agent's parole summary was "an indication of her corrupt motive to cause [] Appellant harm during his trial and Judge [Robins] New should have looked into this matter." *Id.* at 17. Appellant asserts that Judge Robins New erroneously determined that Appellant's PCRA claims as presented implicated a decision pertaining to parole and properly belonged before the Commonwealth Court. *Id.* at 15 and 19-20. Appellant claims that the letter of caution to Judge Robins New showed her bias towards Appellant. *Id.* at 15. As such, Appellant claims that Judge Robins New, as both the trial court and PCRA court judge, should have recused herself from this matter. *Id.* at 13. Appellant maintains that he is entitled to a new trial on the basis of after-discovered evidence. *Id.* at 18.

We adhere to the following standard of review:

This Court's standard of review regarding an order denying a petition under the PCRA is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record.

Pennsylvania law makes clear no court has jurisdiction to hear an untimely PCRA petition. [Under the PCRA,] a PCRA petition, including a second or subsequent petition, shall be filed within one year of the date the underlying judgment becomes final. A judgment is deemed final at the conclusion of direct review,

- 7 -

including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review.

There are three statutory exceptions to the timeliness provisions in the PCRA that allow for the very limited circumstances under which the late filing of a petition will be excused. To invoke an exception, a petitioner must allege and prove:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

We emphasize that it is the petitioner who bears the burden to allege and prove that one of the timeliness exceptions applies. Lastly, there is no generalized equitable exception to the jurisdictional one-year time bar pertaining to post-conviction petitions.

*Commonwealth v. Vinson*, 249 A.3d 1197, 1203–1204 (Pa. Super. 2021) (internal citations, quotations and original brackets omitted). "Any petition invoking an exception [] shall be filed within one year of the date the claim could have been presented." 42 Pa.C.S.A. § 9545(b)(2),

Here, there is no dispute that Appellant's judgment of sentence became final on February 9, 2007, when he discontinued his direct appeal. Accordingly, Appellant's most recent PCRA petition filed almost thirteen years later, on February 20, 2020, is patently untimely. Thus, Appellant was

- 8 -

required to plead and prove one of the exceptions to the PCRA's one-year jurisdictional time-bar. In his current PCRA petition, Appellant alleged that he was entitled to relief pursuant to the governmental interference exception to the PCRA. **See** *Pro Se* PCRA Petition, 2/20/2021, at 4. On appeal, however, Appellant abandons his reliance on the governmental interference exception and, instead, argues that he was entitled to relief pursuant to the "after-discovered evidence" exception to the PCRA.[5] Appellant's *Pro Se* Brief at 18.

Initially, we note that by failing to argue and develop the applicability of the governmental interference exception in his appellate brief, Appellant has waived his claim. **See Commonwealth v. Reid**, 235 A.3d 1124, 1191 n.35 (Pa. 2020), *citing* **Commonwealth v. Johnson**, 985 A.2d 915, 924 (Pa. 2009) ("where an appellate brief fails to provide any discussion of a claim with citation to relevant authority or fails to develop the issue in any other

---

[5] This Court has explained:

> The timeliness exception set forth at Section 9545(b)(1)(ii) has often mistakenly been referred to as the "after-discovered evidence" exception. This shorthand reference [is] a misnomer, since the plain language of subsection (b)(1)(ii) does not require the petitioner to allege and prove a claim of after-discovered evidence. Rather, as an initial jurisdictional threshold, Section 9545(b)(1)(ii) requires a petitioner to allege and prove that there were facts unknown to him and that he exercised due diligence in discovering those facts. Once jurisdiction is established, a PCRA petitioner can present a substantive after-discovered-evidence claim.

**Commonwealth v. Brown**, 111 A.3d 171, 176 (Pa. Super. 2015).

- 9 -

meaningful fashion capable of review, that claim is waived."). Accordingly, Appellant has waived his claim pertaining to the governmental interference exception to the PCRA. Furthermore, "the proper question with respect to Subsection 9545(b)(1)(i)'s timeliness exception is whether the government interfered with [an a]ppellant's ability to present his claim and whether [he] was duly diligent in seeking the facts on which his claims are based." *Commonwealth v. Chimenti*, 218 A.3d 963, 975 (Pa. Super. 2019) (internal citations and quotations omitted). Here, Appellant's claim centers on his discovery of his parole supervision report and the impact of his parole agent's testimony at trial. Appellant has not demonstrated that the government, in this case, either the parole agent or the PCRA court, interfered with his ability to present this claim.

Additionally, "[e]xceptions to the time-bar must be pled in the [PCRA] petition, and may not be raised for the first time on appeal." *See Commonwealth v. Burton*, 936 A.2d 521, 525 (Pa. Super. 2007); *see also* Pa.R.A.P. 302(a) (providing that issues not raised before the lower court are waived and cannot be raised for the first time on appeal). As such, Appellant cannot argue, for the first time on appeal, that the unknown facts exception to the PCRA applies instantly. Regardless, our Supreme Court has determined:

> Section 9545(b)(1)(ii) [] requires a petitioner to allege and prove that "the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence." 42 Pa.C.S.A. § 9545(b)(1)(ii); *see also Commonwealth v. Bennett*, 930 A.2d 1264, 1270–1272 (Pa.

- 10 -

2007). Any petition asserting the newly-discovered evidence exception must be filed within one year of the date on which the claim could have been raised. *Id.* § 9545(b)(2). Finally, [our Supreme] Court has held that the focus of this exception "is on the newly discovered facts, not on a newly discovered or newly willing source for previously known facts."

*Commonwealth v. Lopez*, 249 A.3d 993, 999 (Pa. 2021). In his latest PCRA petition, Appellant alleges that he received the parole supervision report on December 27, 2016. *See Pro Se* PCRA Petition, 2/20/2021, at 5. Appellant could have presented his current claim, that his parole supervisor presented false testimony at trial, in his March 22, 2017 amended PCRA petition, but he did not. *See Disco*, 2019 WL 3383892, at *1 n.1. Instead, Appellant waited until February 20, 2020, almost three years later, to present this claim. Accordingly, Appellant did not file his most recent PCRA petition within one year of the date on which the claims could have been raised. For all of the foregoing reasons, Appellant has failed to properly plead or prove an exception to one-year jurisdictional time-bar to the PCRA. Hence, we discern no error by the PCRA court in dismissing Appellant's PCRA petition for lack of jurisdiction.

Moreover, regarding recusal, our Supreme Court has stated:

A party that seeks recusal of a judge bears the burden to produce evidence establishing bias, prejudice or unfairness which raises a substantial doubt as to the jurist's ability to preside impartially. [An appellate court] reviews a jurist's denial of a motion to recuse for abuse of discretion. In addition, [our Supreme Court has] concluded that, in general, it is preferable for the judge who presided at trial to preside over any post-conviction proceedings because his or her familiarity with the case will likely assist the proper administration of justice.

- 11 -

*Commonwealth v. Hutchinson*, 25 A.3d 277, 319 (Pa. 2011) (internal citations and quotations omitted). Here, we discern no abuse of discretion by the PCRA court in denying recusal. While Appellant claimed that the PCRA court was biased because of the dismissal of his third PCRA petition, the petition was plainly untimely and without exception. As the PCRA court was without jurisdiction under the PCRA to reach the merits of the collateral claims presented, there simply is no evidence establishing PCRA court bias, prejudice, or unfairness by dismissing this matter. Accordingly, recusal was unwarranted.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/26/2021