J-S12011-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
PHILLIP A. THOMPSON :
:
Appellant : No. 1329 EDA 2023

Appeal from the PCRA Order Entered May 16, 2023
In the Court of Common Pleas of Delaware County Criminal Division at
No(s): CP-23-CR-0003788-2000

BEFORE: DUBOW, J., SULLIVAN, J., and BENDER, P.J.E.

MEMORANDUM BY DUBOW, J.: **FILED JULY 11, 2024**

Appellant, Phillip Thompson, appeals *pro se* from the order entered May 16, 2023, in the Delaware County Court of Common Pleas dismissing as untimely his fourth petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-46. Because Appellant's petition fails to satisfy an exception to the PCRA's time bar, we affirm the PCRA court's dismissal.

**A.**

A detailed factual history is unnecessary to our disposition. We glean the relevant procedural history from the PCRA court opinion. On October 19, 2001, a jury convicted Appellant of Second-Degree Murder, Robbery, and Conspiracy. The court sentenced Appellant to an aggregate term of life imprisonment. This Court affirmed Appellant's judgment of sentence, and the Pennsylvania Supreme Court denied Appellant's petition for allowance of appeal on June 4, 2003. ***Commonwealth v. Thompson***, 595 EDA 2022 (Pa.

Super. Feb. 5, 2003), *appeal denied* 825 A.2d 638 (Pa. 2003). Appellant's

judgment of sentence became final on September 2, 2003.[1]

Appellant filed his first PCRA petition on June 10, 2004, which the PCRA

court dismissed on June 20, 2006. This Court affirmed the dismissal, and on

August 25, 2008, the Pennsylvania Supreme Court denied Appellant's petition

for allowance of appeal. ***Commonwealth v. Thompson***, 2107 EDA 2006

(Pa. Super. Mar. 11, 2008), *appeal denied*, 955 A.2d 358 (Pa. 2008).

Appellant subsequently filed two additional unsuccessful PCRA petitions.

On February 23, 2023, Appellant *pro se* filed his fourth PCRA Petition,

the dismissal of which is now before us, asserting that, on June 17, 2022, he

discovered that a portion of his trial transcript was missing from the record.[2]

PCRA Pet., 2/23/23, at 3. On March 23, 2023, the PCRA court issued a notice

of intent to dismiss without a hearing pursuant to Pa.R.Crim.P. 907,

concluding that it lacked jurisdiction because Appellant's petition was patently

untimely. Appellant filed a response to the court's Rule 907 notice on April

10, 2023, asserting that his petition was timely because he filed it within one

year of learning of the missing transcripts in 2022, and he exercised due

_____

[1] ***See*** Sup. Ct. R. 13 (allowing 90 days to file Petition for Writ of Certiorari to the United States Supreme Court).

[2] We also note that Appellant maintains that these transcripts contained the cross- and recross examination of Detective Michael Palmer and the recross examination of witness Cynthia Walker, but he did not identify any claims that the missing transcripts would have supported. Appellant's Br. at 1. Thus, even if Appellant overcame the jurisdictional bar, he has not established a viable PCRA claim.

diligence by requesting the transcripts from the court, the stenographer, and his prior attorney in August 2022. On May 16, 2023, the PCRA court dismissed Appellant's petition as untimely.

**B.**

Appellant timely appealed. Both he and the trial court complied with Pa.R.A.P. 1925.

Appellant raises the following issues for our review:

I. Whether Appellant has met the one[-]year time limit by filing the P[CRA] petition on February 23, 2023[,] eight months after discovery of the missing portions of the trial record transcripts which the facts predictated [*sic*] upon were unknown to [Appellant]?

II. Whether Appellant showed due diligence by motioning the trial court for the missing portion(s) of the trial record transcripts which were unknown to [Appellant]?

III. Whether [Appellant] suffered prejudice where his prior PCRA and direct appeal were litigated and decided without a full and accurate record due to the missing transcripts of the portion of the trial relevant thereto?

IV. Whether the missing portion(s) of the trial record/transcript contained additional issues of arguable merit that could have been in a counseled direct appeal, amended PCRA appeal and/or appeal to the Superior Court or Pennsylvania Supreme Court?

V. Whether the missing transcripts could have supported the claims previously raised and determined, however due to the missing portion(s) of the trial record and [A]ppellants counsel, and the trial court being unaware that the portion that the decision rendered was based upon an inaccurate and incomplete record?

VI. Whether Appellant was unable to obtain relief that he may have otherwise been entitled to on the previous claims, where the record on appeal is based upon an incomplete order/record where upon appellants discovery and the date that the missing transcripts were discovered to be missing?

Appellant's Br. at v-vi (some punctuation omitted).

## C.

We review the denial of a PCRA petition to determine whether the record supports the PCRA court's determination and whether its order is otherwise free of legal error. **Commonwealth v. Fears**, 86 A.3d 795, 803 (Pa. 2014). However, before we review the issues raised on appeal, we must determine whether Appellant's petition satisfies our courts' jurisdictional requirements.

It is well-established that the timeliness of a PCRA petition is jurisdictional; if a PCRA petition is untimely, courts lack jurisdiction over the claims and cannot address substantive claims. **Commonwealth v. Wharton**, 886 A.2d 1120, 1124 (Pa. 2005). To be timely, a PCRA petition, including a second or subsequent petition, must be filed within one year of the date that a petitioner's judgment of sentence becomes final. 42 Pa.C.S. § 9545(b)(1). "[A] judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of the time for seeking the review." 42 Pa.C.S. § 9545(b)(3). The PCRA's jurisdictional time bar "is constitutionally valid." **Commonwealth v. Cruz**, 852 A.2d 287, 292 (Pa. 2004).

Here, Appellant's petition, filed almost 20 years after his judgment of sentence became final, is facially untimely. Pennsylvania courts may consider an untimely PCRA petition, however, if the petitioner pleads and proves one of the three exceptions to the time bar set forth in Section 9545(b)(1). Any

petition invoking a timeliness exception must be "filed within one year of the date the claim could have been presented." 42 Pa.C.S § 9545(b)(2).

In his PCRA petition, Appellant attempted to invoke the government interference and newly discovered facts exceptions.[3] PCRA Pet. at 3. To establish the government interference exception, 42 Pa.C.S. § 9545(b)(1)(i), "a petitioner must plead and prove (1) the failure to previously raise the claim was the result of interference by government officials and (2) the petitioner could not have obtained the information earlier with the exercise of due diligence." ***Commonwealth v. Vinson***, 249 A.3d 1197, 1205 (Pa. Super. 2021).

To establish the newly discovered facts exception, a petitioner must plead and prove that "the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence." 42 Pa.C.S. § 9545(b)(1)(ii). Our Supreme Court has held that this exception "does not require any merits analysis of the underlying claim." ***Commonwealth v. Bennett***, 930 A.2d 1264, 1271 (Pa. 2007).

Due diligence requires a petitioner to make reasonable efforts to uncover facts that may support a claim for relief. ***Commonwealth v.***

---

[3] Appellant also attempted to invoke the newly recognized constitutional right exception, which applies to a "constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively." 42 Pa.C.S.A. § 9545(b)(1)(iii). However, he fails to identify any such right, and instead lists, *inter alia,* the Sixth and Fourteenth Amendments to the United States Constitution. PCRA Pet. at 3. Accordingly, this claim fails.

***Brensinger***, 218 A.3d 440, 449 (Pa. Super. 2019) (*en banc*). "A petitioner must explain why he could not have learned the new facts earlier with the exercise of due diligence." ***Id.*** (citation omitted).

*

The PCRA court determined that Appellant failed to plead and prove an exception to the time bar. PCRA Ct. Op., 10/9/23, at 6. Specifically, it found that Appellant failed to "provide any evidence to demonstrate that government officials interfered with his ability to state this claim timely[,]" or that "the missing transcript could not have been discovered through due diligence[,]" and that Appellant did not "demonstrate any compelling reason for waiting over twenty years after the trial to attempt to review the transcript." ***Id***.

Our review of the record supports the PCRA court's conclusion that Appellant failed to plead and prove an exception to the time bar. First, as the Commonwealth notes, the record indicates that in 2006, Appellant's prior PCRA counsel discovered that certain portions of the trial transcripts, including Detective Palmer's testimony, were missing, and had requested them. Commonwealth's Br. at 9, Supplemental Amendments to Amended Petition, 2/13/06, at ¶¶3-4. The proof of service indicates that counsel served Appellant with this filing. ***Id.*** at 3 (unpaginated). Accordingly, the record indicates that Appellant knew that portions of the transcript were missing as early as 2006, and, thus, he did not discover it for the first time in 2022.

Moreover, even if Appellant did not receive the filing, his current PCRA petition would still be untimely. Both the newly discovered fact and

governmental interference exceptions require that the facts or information at issue could not have been discovered earlier through due diligence, and it is incumbent upon Appellant to explain why he could not have learned the new facts earlier through due diligence. 42 Pa.C.S. § 9545(b)(1)(i), (ii); **Brensinger**, 218 A.3d at 449. As the PCRA court noted, Appellant has failed to explain how he exercised due diligence during the past 20 years but nonetheless could not have discovered the missing transcripts earlier, and to provide any evidence of government interference that prevented him from bringing this claim earlier. PCRA Ct. Op. at 6. Accordingly, Appellant has failed to meet his burden to establish any exception to the PCRA's time bar and his PCRA petition is, thus, untimely.

**D.**

We conclude that the PCRA court properly dismissed Appellant's petition. Appellant has not pleaded and proved the applicability of any exception to the PCRA's time bar and, therefore, his petition is untimely, and we lack jurisdiction to consider the merits of this appeal. We, thus, affirm the PCRA court's denial of relief.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 7/11/2024