J-S03015-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| GEORGE GENE ISHLER. JR. | : | |
| | : | |
| Appellant | : | No. 268 MDA 2025 |

Appeal from the PCRA Order Entered February 12, 2025
In the Court of Common Pleas of Centre County Criminal Division at
No(s):  CP-14-CR-0001384-2016

BEFORE:  DUBOW, J., BECK, J., and LANE, J.

MEMORANDUM BY DUBOW, J.:          **FILED: MARCH 2, 2026**

Appellant George Gene Ishler, Jr., appeals from the order entered in the Centre County Court of Common Pleas that dismissed as untimely his second petition filed pursuant to the Post-Conviction Relief Act ("PCRA").[1]  He contends that the PCRA court abused its discretion in concluding that his claims failed to meet either the government interference or newly discovered fact exceptions to the PCRA's one-year time bar.  After careful review, we affirm.

This Court previously set forth a summary of the background of this case in ***Commonwealth v. Ishler***, 2020 WL 85907 (Pa. Super. filed Jan. 6, 2020) (non-precedential).  In brief, Appellant conspired with his niece to, *inter alia*, kill Ronald V. Bettig ("Victim") by luring him to a rock quarry where Appellant

---

[1] 42 Pa.C.S. §§ 9541–46.

then pushed the Victim over the wall of the quarry where he fell to his death. During the police investigation, Appellant confessed to killing the Victim. The Commonwealth charged Appellant with, *inter alia*, first-degree murder.[2] A jury convicted Appellant in April 2018, and the court sentenced him to life in prison without the possibility of parole. This Court affirmed his judgment of sentence[3] and Appellant sought no further appellate review. **Id.** His judgment of sentence, thus, became final on February 6, 2020.

Appellant filed a timely PCRA petition, which the court dismissed. Relevant to this appeal, Appellant filed his second PCRA petition *pro se* on June 27, 2024, alleging newly discovered facts. Specifically, he asserted that he had asked a fellow inmate, Guy Drexel, to review his trial transcripts for "any issues that have merit for an appeal," and that "Mr. Drexel advised [Appellant] to send a Standard Right-To-Know request form to the Pennsylvania State Police ["PSP"] [.]" PCRA Pet., 6/27/24, at 3-4. Appellant stated that he sent the PSP a request in June 2023 pursuant to the Right-to-

---

[2] Appellant filed an omnibus pre-trial motion seeking, *inter alia*, to suppress his confession by alleging that it was coerced by unfulfilled promises. Following a hearing, the court denied the motion.

[3] On direct appeal, this Court affirmed, *inter alia*, the denial of Appellant's suppression motion that was predicated on a claim that he was not read his **Miranda** rights and troopers coerced his confession by promising him a night with his girlfriend. **See Ishler**, 2020 WL 85907, at *3–4.

Know Law ("RTKL") and the PSP responded in August 2023, informing Appellant that a video of his interrogation existed.[4]

On July 26, 2024, the PCRA court filed a Pa.R.Crim.P. 907 notice, indicating its intention to dismiss without a hearing Appellant's second petition as untimely. On August 15, 2024, Appellant *pro se* filed a response to the Rule 907 notice and an amended PCRA petition, this time raising both the newly discovered facts and government interference timeliness exceptions. In his response to the Rule 907 notice and his amended PCRA petition, Appellant noted that Trooper Wakefield did not testify truthfully in 2018 when he stated that there was no videotape recording of Appellant's confession to the murder, and the prosecution committed a ***Brady***[5] violation by not providing a copy of that videotaped interview to Appellant in discovery.

The court filed a second Rule 907 notice, indicating its intention to dismiss the amended PCRA petition as untimely, concluding that Appellant failed to offer any explanation regarding why he could not have obtained the information regarding the existence of the recording earlier using reasonable efforts. On February 12, 2025, the PCRA court filed an opinion and order

---

[4] Specifically, the PSP responded by stating, *inter alia*, "outside the RTKL and without waiving any exemptions, please be advised that a copy of the video does exist." Appellant's Br. at Ex. B2–B4 (letter from William A. Rozier dated 8/2/23). The PSP also noted that the RTKL precludes its production of the videotape as it is part of a criminal investigation. ***Id.***

[5] ***Brady v. Maryland***, 373 U.S. 83 (1963).

dismissing Appellant's petition and the amended petition.[6]  Appellant filed a timely appeal pro se.  Both Appellant and the court complied with Rule 1925.

Appellant raises the following issues for our review:

1. Whether Appellant's PCRA Petition met the jurisdictional requirements of 42 Pa.C.S.  9545(b)(i) and or (ii); the PCRA Court erred and abused it[s] discretion in finding otherwise?

2. Whether the prosecution committed a 'Brady Violation', violating Appellant's due process rights by failing to disclose the video of [Appellant's] interview.

3. Whether the video upon which the issues is predicated was unknown to Appellant and could not have been ascertained it[s] existence [*sic*] earlier by any exercise of due diligence?

4. Whether Trooper Wakefield committed perjury?

5. Whether the prosecution committed 'Government Interference' by not disclosing a video tape of [Appellant's] interview?

6. Whether the PCRA court erred not appointing counsel to represent [Appellant]?

7. Whether the PCRA court erred [in] issuing a second 907 notification?

8. Whether [Appellant's] issues have merit?

Appellant's Br. at 2-3.

We review the denial of a PCRA petition to determine whether the record supports the PCRA court's determination and whether its order is otherwise free of legal error. ***Commonwealth v. Fears***, 86 A.3d 795, 803 (Pa. 2014). "[A] second or subsequent petition must present a strong *prima facie* showing

_____

[6] The court also denied Appellant's motion for the appointment of counsel.

that a miscarriage of justice may have occurred." ***Commonwealth v. Stokes***, 959 A.2d 306, 309 (Pa. 2008).

As an initial matter, we must determine whether Appellant's petition satisfies our courts' jurisdictional requirements. It is well-established that the timeliness of a PCRA petition is jurisdictional; if a PCRA petition is untimely, courts lack jurisdiction and cannot address substantive claims. ***Commonwealth v. Wharton***, 886 A.2d 1120, 1124 (Pa. 2005). To be timely, a PCRA petition, including a second or subsequent petition, must be filed within one year of the date that a petitioner's judgment of sentence becomes final. 42 Pa.C.S. § 9545(b)(1). "[A] judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of [the] time for seeking the review." 42 Pa.C.S. § 9545(b)(3). The PCRA's jurisdictional time bar "is constitutionally valid." ***Commonwealth v. Cruz***, 852 A.2d 287, 292 (Pa. 2004).

Here, Appellant's petition, filed over four years after his judgment of sentence became final, is facially untimely. Pennsylvania courts may consider an untimely PCRA petition, however, if the petitioner pleads and proves one of the three exceptions to the time bar set forth in Section 9545(b)(1). Any petition invoking a timeliness exception must be "filed within one year of the date the claim could have been presented." 42 Pa.C.S § 9545(b)(2).

In his PCRA petition and amended petition, Appellant invoked the government interference and the newly discovered facts timeliness exceptions.

### Government Interference Timeliness Exception

To establish the government interference exception, 42 Pa.C.S. § 9545(b)(1)(i), "a petitioner must plead and prove (1) the failure to previously raise the claim was the result of interference by government officials and (2) the petitioner could not have obtained the information earlier with the exercise of due diligence." *Commonwealth v. Vinson*, 249 A.3d 1197, 1205 (Pa. Super. 2021).

Notably, the law is clear that the governmental interference exception to the timeliness requirement may not "begin with a discussion of the merits of a *Brady* claim; rather, Appellant must begin with a discussion of why the instant petition was timely filed. As this Court has explained, the latter inquiry is separate and distinct from the former." *Stokes*, 959 A.2d at 310.

Here, the PCRA court found that Appellant failed to satisfy the government interference exception, opining:

> [Appellant] fails to put forth any evidence beyond his conclusory assertion that substantiates the existence of government interference. Instead, [Appellant] merely assumes that Trooper Wakefield's incorrect testimony regarding the existence of a video recording of [Appellant's] interview with police is definitive proof of government interference in his case. Therefore, [Appellant] has failed to prove that his failure to raise his PCRA claims previously was the result of interference by government officials.

Op. and Order, 2/12/25, at 6-7.

In his *pro se* brief, Appellant relies on his prior recitations that because the Commonwealth failed to provide the video recording in response to his attorney's informal pre-trial discovery request, the Commonwealth committed a **Brady** violation and his claim, thus, falls under the government interference exception. Appellant's Br. at 7-9. As in his petitions, he cites no evidence that anyone prevented him from filing a Right-To-Know request between January 2020 when his direct appeal was decided and June 2023. **See Stokes**, 959 A.2d at 310 (concluding that the appellant failed to prove the government interference exception because he "never asserted that the prosecution (or anyone else) prevented him from gaining access to these files in the 12 years between the date his direct appeal was decided and the date he ultimately sought the files."). Accordingly, Appellant has failed to support his claim that the government interfered with his ability to timely seek PCRA review.

**Newly Discovered Fact Exception**

To establish the newly discovered facts exception to the PCRA's one-year time bar, a petitioner must plead and prove that "the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence." 42 Pa.C.S. § 9545(b)(1)(ii). "The focus of this exception is on the newly discovered facts, not on a newly discovered or newly willing source for previously known facts." **Commonwealth v. Brown**, 111 A.3d 171, 176 (Pa. Super. 2015) (citation

and internal quotation marks omitted). Due diligence requires a petitioner to make reasonable efforts to uncover facts that may support a claim for relief. ***Commonwealth v. Brensinger***, 218 A.3d 440, 449 (Pa. Super. 2019) (*en banc*). "A petitioner must explain why he could not have learned the new fact(s) earlier with the exercise of due diligence." ***Id.*** (citation omitted).

With respect to the newly discovered facts exception, Appellant explains that he requested a fellow inmate "to review his trial transcripts for any issues for an appeal," and the inmate noticed Trooper Wakefield had testified at trial that the camera in the interview room "does not record, it is hooked up to an old VHS recorder that doesn't even work." Appellant's Br. at 7. Appellant states that "he was advised" that all PSP interview rooms are equipped with recording equipment and the recorded interviews are kept at PSP headquarters in Harrisburg, and that he "was []advised to send" a RTKL Form. ***Id.*** at 8.

Here, the PCRA court concluded that Appellant failed to meet the due diligence portion of the newly discovered fact exception. Specifically, the PCRA court opined that Appellant "f[a]iled to plead or prove why he could not have discovered the alleged video sooner with the exercise of due diligence, especially when he demonstrated that the [PSP] timely and thoroughly responded (by letter dated August 2, 2023) to his [RTKL Request Form]." Op. and Order, 2/12/25, at 6. The court further observed that Appellant failed to

"offer[] any explanation regarding why he could not have obtained the information regarding the alleged video earlier using reasonable efforts." ***Id.***

In both his PCRA petition and in his brief, Appellant fails to clarify when exactly he consulted with his fellow inmate, Mr. Drexel. He asserts, however, that he had asked Mr. Drexel to review his trial transcript "**for any issues for an appeal**," and states that he "was [] advised to send a Standard [RTKL] Request Form[.]" Appellant's Br. at 7-8 (emphasis added); ***see also*** PCRA Pet., 6/27/24, at 3 (asserting Mr. Drexel advised him to file a RTKL request). Since Appellant filed his direct appeal in 2018, and Appellant does not explain why he waited until 2023 to file his RTKL request, we agree that Appellant failed to plead and prove why he could not have discovered the fact that a video existed prior to receiving the August 2023 response to his RTKL request. Accordingly, the PCRA court did not abuse its discretion in concluding Appellant failed to satisfy the newly discovered facts timeliness exception.

Having concluded Appellant failed to meet any timeliness exceptions to the PCRA's one-year jurisdictional time-bar, we conclude that PCRA court properly exercised its discretion in dismissing Appellant's second PCRA petition as untimely and conclude this Court is without jurisdiction to address the merits of Appellant's claims.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 03/02/2026