J-S19029-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JOSEPH AMOOP | : | |
| | : | |
| Appellant | : | No. 1902 EDA 2021 |

Appeal from the PCRA Order Entered August 19, 2021
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0014293-2007

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JOSEPH AMOOP | : | |
| | : | |
| Appellant | : | No. 1903 EDA 2021 |

Appeal from the PCRA Order Entered August 19, 2021
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0014308-2007

BEFORE:   PANELLA, P.J., OLSON, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY OLSON, J.:                    **FILED AUGUST 30, 2022**

---

[*] Former Justice specially assigned to the Superior Court.

J-S19029-22

Appellant, Joseph Amoop,[1] appeals from the order entered August 19, 2021, dismissing his second petition filed pursuant to the Post-Conviction Relief Act ("PCRA")[2] as untimely. We affirm.

The facts of Appellant's underlying convictions are not relevant to the current appeal. Briefly, on June 28, 2010, the trial court, sitting as fact finder, found Appellant guilty of two counts of murder in the first degree,[3] criminal conspiracy to commit murder,[4] robbery,[5] and other related charges,[6] and sentenced him to life imprisonment. Appellant's convictions were based, in part, on the testimony of co-defendant, Desmond McMoore, and forensic evidence presented by the Commonwealth. Appellant's judgment of sentence was affirmed by this Court on August 2, 2012, and our Supreme Court denied allowance of appeal on February 13, 2013. *See Commonwealth v. Amoop*,

_____

[1] We amended the captions to correct Appellant's name and to conform our caption with the certified record and the caption employed before the PCRA court. *See* Pa.R.A.P. 907(a) (directing the prothonotary of the appellate court to docket an appeal under the caption given in the trial court).

[2] 42 Pa.C.S.A. §§ 9541-9546.

[3] 18 Pa.C.S.A. § 2502(a).

[4] 18 Pa.C.S.A. § 903(a).

[5] 18 Pa.C.S.A. § 3701(a)(11).

[6] Appellant's other charges involved various firearms violations and the possession of an instrument of crime.

- 2 -

60 A.3d 555 (Pa. Super. 2012) (unpublished memorandum), *appeal denied*, 63 A.3d 772 (Pa. 2013).

On April 9, 2014, Appellant filed a timely *pro se* PCRA petition, which was subsequently dismissed by the PCRA court; we affirmed, and our Supreme Court denied allowance of appeal. *See Commonwealth v. Amoop*, 198 A.3d 460 (Pa. Super. 2018) (unpublished memorandum), *appeal denied*, 205 A.3d 312 (Pa. 2019). While Appellant's claims were still proceeding within our state courts, Appellant simultaneously filed a *habeas corpus* petition in the federal court, which was denied on January 28, 2020. *See Amoop v. Garman*, 2020 WL 433369 (E.D.Pa. 2020) (unpublished memorandum). Within both his state and federal petitions, Appellant asserted, *inter alia*, that his trial counsel was ineffective for failing to investigate the forensic evidence and failing to retain a ballistics expert to cross-examine the Commonwealth's witnesses because such evidence would have contradicted Mr. McMoore's allegedly perjurious testimony. In both cases, Appellant was denied relief, in part, for failing to secure a ballistics expert to support his conclusions.

Appellant filed the instant *pro se* PCRA petition, his second, on December 17, 2019. Therein, Appellant contended that he obtained "newly discovered evidence" in the form of an "opinion drafted by forensic ballistics expert Carl A. Leisinger, III[,] based on trial testimony, medical evidence[,] and crime scene investigation," which showed that the scientific evidence "clearly contradicts" Mr. McMoore's "perjured testimony." *Pro Se* PCRA

Petition, 12/17/19, at 3, 4, and 8. After issuing a Rule 907 notice of intent to dismiss without evidentiary hearing and receiving Appellant's response, the PCRA court dismissed Appellant's second PCRA petition as untimely on August 19, 2021. This appeal followed.[7]

Appellant raises the following issues for our review:

I. Did the PCRA [c]ourt commit an error of law and fact when it held that [Appellant's PCRA petition] was untimely?

II. Did the PCRA [c]ourt commit an error of law and fact when it held without an evidentiary hearing[ that Appellant's second PCRA petition failed to meet the newly discovered facts] exception provided under subsection 9545(b)(1)(ii)?

Appellant's *Pro Se* Brief at 4 (reordered for ease of disposition). At the outset, we must analyze the timeliness of Appellant's second PCRA petition, which implicates our jurisdiction over Appellant's instant claims. ***Commonwealth v. Elliott***, 249 A.3d 1190, 1193 (Pa. Super. 2021).

This Court's standard of review regarding an order denying a petition under the PCRA is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record.

***Commonwealth v. Vinson***, 249 A.3d 1197, 1203 (Pa. Super. 2021) (citation omitted). Any PCRA petition, including a second or subsequent petition, must be filed within one year of the date the judgment becomes final, or else invoke

---

[7] The PCRA court did not order Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Moreover, the PCRA court did not author a Rule 1925(a) opinion, as the assigned judge retired during the pendency of this appeal. ***See*** No-Opinion Letter, 3/14/22.

one of the statutorily enumerated exceptions. 42 Pa.C.S.A. § 9545(b)(1). The judgment becomes final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking review." 42 Pa.C.S.A. § 9545(b)(3). "This one-year limitation is jurisdictional and therefore, courts are prohibited from considering an untimely PCRA petition." **Commonwealth v. Lopez**, 249 A.3d 993, 999 (Pa. 2021).

Here, our Supreme Court denied further review of Appellant's judgment of sentence on February 13, 2013. Therefore, Appellant's judgment of sentence became final on May 14, 2013, upon expiration of the time in which to seek discretionary review with the Supreme Court of the United States. **See** U.S. Sup. Ct. R. 13(1); 42 Pa.C.S.A. § 9545(b)(3). Consequently, Appellant's instant PCRA petition, filed on December 17, 2019, more than six years after his judgment of sentence became final, is manifestly untimely. As such, Appellant bore the burden of pleading and proving the applicability of one of the three statutorily enumerated timeliness exceptions to establish jurisdiction over his claims. **Commonwealth v. Smallwood**, 155 A.3d 1054, 1060 (Pa. Super. 2017).

To invoke an exception, a petitioner must allege and prove, within the petition itself, one of the following:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). If a petition is untimely and no exception has been pled or proven, "the petition must be dismissed without a hearing." ***Commonwealth v. Perrin***, 947 A.2d 1284, 1285 (Pa. Super. 2008).

Here, Appellant purports to invoke the newly-discovered fact exception under § 9545(b)(1)(ii).[8] Appellant claims that the new ballistics opinion issued by Mr. Leisinger constituted a newly-discovered fact: Mr. Leisinger's opinion, based on his review of the evidence, that it was "[m]ore than likely the driver of the car [who] shot" one of the victims, "proves for the first time that [Mr.] McMoore was the actual shooter because he stated that he was the driver on the night of question." Appellant's Brief at 16.

_____

[8] We reject Appellant's alternative argument that his petition should be considered timely, and all previous petitions deemed premature, because he allegedly never received notice that his petition for allowance of appeal to our Supreme Court was denied on February 13, 2013. ***See*** Appellant's Brief at 18-19. The very fact that Appellant previously filed a **timely** *pro se* petition for collateral relief, including both handwritten and typed references to the date of our Supreme Court's denial, is compelling evidence that Appellant knew of the finality of his judgment of sentence within the timeframe required to comply with the PCRA.

- 6 -

Under the newly-discovered fact exception to the PCRA's timeliness requirement, a petitioner must establish that (1) the facts upon which the claim was predicated were unknown and (2) they could not have been ascertained by the exercise of due diligence." ***Commonwealth v. Cox***, 146 A.3d 221, 227 (Pa. 2016). Under the first prong, the focus "is on the newly discovered facts, **not on a newly discovered or newly willing source for previously known facts**." ***Commonwealth v. Lopez***, 249 A.3d 993, 999 (Pa. 2021) (citation, quotation, and footnote omitted; emphasis in original). Discovering "yet another conduit for the same claim" does not "transform [the] latest source" into a "new fact" for purposes of the timeliness exception. ***Commonwealth v. Johnston***, 42 A.3d 1120, 1127-1128 (Pa. Super. 2012), *citing* ***Commonwealth v. Abu-Jamal***, 941 A.2d 1263 (Pa. 2008).

Regarding the second prong of the newly-discovered fact analysis, due diligence "requires neither perfect vigilance nor punctilious care, but rather it requires reasonable efforts by a petitioner, based on the particular circumstances, to uncover facts that may support a claim for collateral relief." ***Commonwealth v. Smith***, 194 A.3d 126, 134 (Pa. Super. 2018), *appeal denied*, 208 A.3d 64 (2019) (citation and quotation omitted). A petitioner fails to establish due diligence where the current claim is predicated on the same facts that formed the basis of prior post-conviction petitions for collateral relief in federal or state court. ***See Lopez***, 249 A.3d at 999-1000; ***Cox***, 146 A.3d at 230 (rejecting claim where petitioner's "initial attempt to obtain the

- 7 -

ballistics evidence was made in his first PCRA petition, in connection with his claim that trial counsel was ineffective for failing to seek independent ballistics testing"); *Commonwealth v. Maxwell*, 232 A.3d 739, 746 (Pa. Super. 2020) (*en banc*) (rejecting claim where petitioner raised claims on a similar factual basis in three prior post-conviction filings within federal and state court).

Upon review, we conclude Appellant failed to demonstrate that his claim fell within the newly-discovered fact exception. Further, we find that Appellant failed to establish either of the two prongs necessary to sustain his burden. Appellant failed to show that the underlying facts supporting his claim were unknown to him. Mr. Leisinger's opinion relied upon evidence adduced at Appellant's 2007 trial: trial testimony, medical and ballistics evidence, and crime scene investigation reports. Mr. Leisinger did not utilize a new scientific process and did not include evidence outside the trial record in forming his opinion. Therefore, Appellant failed to demonstrate that there were any new "facts" brought forth through Mr. Leisinger's analysis or report. Mr. Leisinger's opinion was merely a "newly willing source for previously known facts." *Lopez*, *supra*; *see also Johnston*, 42 A.3d at 1128 (rejecting claim which "is directed at discrediting the same witness, under the same theory, and with the same facts as had occurred during the course of trial[.]").

Additionally, Appellant failed to act with due diligence in bringing his claim. Within his first PCRA petition, filed on April 9, 2014, Appellant asserted that his trial counsel was ineffective for improperly cross-examining the

medical examiner regarding ballistic evidence. In support, he asserted that the "physical facts" of the case contradicted Mr. McMoore's account and the medical examiner's analysis of the evidence. *See Pro Se* PCRA Petition, 4/9/14. Both of Appellant's prior attempts at collateral relief were rejected for failure to proffer a ballistics expert witness or expert report to support his conclusions. *See Amoop*, 198 A.3d 460 at *6; *Amoop*, 2020 WL 433369. Instantly, Appellant does not adequately explain why he did not employ the service of a ballistics expert at any of these prior junctures.[9] Moreover, the fact that his original PCRA petition alleged trial counsel's failure to do so during trial demonstrates his acknowledgement that such a service should have been retained as early as his June 2007 trial. *See Cox*, 146 A.3d at 231 (explaining that the petitioner first attempted to obtain ballistics evidence in a prior PCRA petition "in connection with his claim that trial counsel was ineffective for failing to seek independent testing thereof. By raising this claim in his first PCRA petition, [he] has effectively conceded that the testing could have been done at the time of trial"). Consequently, Appellant's "lengthy, unexplained delay [] defeats the possibility of a conclusion" that he "acted with reasonable

---

[9] Appellant's brief makes a passing reference to "numerous attempts to have the courts pay for an expert to substantiate petitioner's claim due to [his] indigent status[.]" Appellant's Brief at 15. The certified record contains no such requests. Appellant sought and was granted $1,000.00 to pursue the claims within his first PCRA petition, but apparently he did not utilize those funds to secure a ballistics expert. *See Amoop*, 198 A.3d 460 at *6 n.2 (panel noting that Appellant failed to provide evidence that a ballistics expert would support his conclusions despite receiving $1,000.00).

effort to obtain ballistics testing" and "precludes a finding of due diligence." *Id.*; *accord Smith*, 194 A.3d at 134 (affirming PCRA court's finding of a lack of due diligence where petitioner was aware since 2000 that affiant gave a statement, but petitioner did not obtain affidavit until 2014).

Simply stated, Appellant did no more than "discover[] through [Mr. Leisinger] yet another confirmatory source for the same claim he raised in [multiple] prior post-conviction filings," and as such, his "latest source of information" falls outside the scope of § 9545(b)(1)(ii). *Maxwell*, 232 A.3d at 746. Consequently, Appellant's petition is untimely, and no court has jurisdiction to reach the merits of the issue raised therein. Accordingly, we affirm the PCRA court's order.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/30/2022