**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ANDREW NATHANIEL BINGHAM | : | |
| | : | |
| Appellant | : | No. 494 MDA 2022 |

Appeal from the Judgment of Sentence Entered February 17, 2022
In the Court of Common Pleas of Luzerne County Criminal Division at
No(s):  CP-40-CR-0001380-2021

BEFORE:  PANELLA, P.J., McLAUGHLIN, J., and PELLEGRINI, J.[*]

MEMORANDUM BY PELLEGRINI, J.:              **FILED JANUARY 18, 2023**

Andrew Nathaniel Bingham (Bingham) appeals from the judgment of sentence entered in the Court of Common Pleas of Luzerne County (trial court).  He argues that the trial court erred in denying his request to withdraw a plea as to one count of aggravated assault because the plea was rendered involuntary by the Commonwealth's non-performance of a material term of his negotiated plea agreement – the return of Bingham's television.  Because the claim is unpreserved for appeal and otherwise without merit, we affirm.

In 2021, while already incarcerated, Bingham was charged with aggravated assault (18 Pa.C.S. § 2702(a)(3)) and aggravated harassment by a prisoner (18 Pa.C.S. § 2703.1)).  Prior to the scheduled trial date, Bingham

_____

[*] Retired Senior Judge assigned to the Superior Court.

entered a negotiated agreement wherein Bingham would plead guilty to the aggravated assault count in exchange for an unspecified sentence. The remaining charge would be withdrawn, and the Commonwealth agreed to recommend for the sentence to be made concurrent to the sentence he was already serving.

At the plea hearing, Bingham's counsel stated that he believed that there "was an agreement with the District Attorney's Office" that a television confiscated from Bingham by prison staff would be returned upon the entry of the guilty plea. Plea Hearing Transcript, 12/16/2021, at p. 3. Counsel conceded, however, that the trial court had no power to direct the Department of Corrections to return the television. Although neither the trial court, trial counsel, nor the Commonwealth had reason to believe that Bingham's request for his television would be denied, the trial court emphasized that any decision to return the television was "obviously up to" the Department of Corrections and not the trial court. *Id*. at p. 4.

The plea colloquy resumed and Bingham stated that he had been given a chance to discuss and review all pertinent matters with counsel, "including the written plea agreement." He stated that counsel had answered all his questions and that he would stipulate to the factual basis for the plea. Bingham stated that he had no questions about the terms of his plea and that he fully understood what he was agreeing to. The trial court then accepted Bingham's guilty plea.

However, about two months later, Bingham appeared remotely at his sentencing hearing, requesting for the first time to withdraw his plea. *See* Sentencing Hearing Transcript, 2/17/2022, at p. 2. The prison had not approved Bingham's television request, and he insisted that he had only pleaded guilty to the aggravated assault count because he believed that the television would be returned.

In between the date of the plea hearing and the sentencing hearing, Bingham's counsel had withdrawn from representing him in the case and new counsel had been retained to represent him. Bingham's new counsel acknowledged that Bingham lacked any valid grounds to withdraw his guilty plea. The Commonwealth also stressed that there was nothing in the written plea agreement about a television and that, in any event, only the Department of Corrections would have authority to determine whether Bingham could have his television back.

While still represented by counsel, Bingham argued directly to the trial court that he should be permitted to withdraw his plea and proceed to trial because his prior counsel had misadvised him about being entitled to the television pursuant to the plea. Bingham also suggested that he was innocent of the aggravated assault charge, as it had resulted from a conspiracy among his prison guards to incriminate him.

The trial court denied Bingham's request to withdraw the guilty plea. Although the trial court recalled discussions about the television at the plea

hearing, the trial court found that the television had not been a material condition of the plea agreement. To the contrary, Bingham had been specifically advised at the plea hearing that the trial court did not have authority to order the return of the television to him.

Bingham responded by ceasing his participation in the sentencing and the hearing continued in his absence. He was sentenced to a prison term of 30-60 months and advised (*in absentia*) that he could file a post-sentence motion challenging the denial of his request to withdraw his plea within ten days of the date of the hearing. Bingham did not file a post-sentence motion, instead opting to file a notice of appeal as to the judgment of sentence.

In his 1925(b) statement of errors complained of on appeal, Bingham challenged the trial court's order denying his request to withdraw the guilty plea. In response, the trial court prepared a written opinion, reasoning that the return of Bingham's television was not a material term of his plea. *See* Trial Court Opinion, 4/28/2022, at 3-4. Bingham now asserts one issue in his brief:

> Did the trial court err or abuse its discretion by failing to grant [Bingham's] pre-sentence request to withdraw his guilty plea where the guilty plea was entered and induced upon a plea agreement including a material term that either could not or was refused to be fulfilled, thus rendering the [Bingham's] plea involuntary?

Appellant's Brief, at 2.

The sole issue raised on appeal is waived because in order to preserve a challenge to the validity of a plea, there must be either a valid objection at

sentencing or a post-sentence motion filed within ten days of the sentencing. **See** Pa.R.Crim.P. 720(A)(1), (B)(1)(a)(i); **see also Commonwealth v. Tareila**, 895 A.2d 1266, 1270 n.3 (Pa. Super. 2006).

Since Pennsylvania prohibits hybrid representation, **see generally Commonwealth v. Vinson**, 249 A.3d 1197, 1201 (Pa. Super. 2021), and Bingham made his oral request to withdraw *pro se* at a time when he was represented by counsel, the request was a nullity. **See Commonwealth v. Nischan**, 928 A.2d 349 (Pa. Super. 2007) (deeming post-sentence motion a nullity with no legal effect because it was filed *pro se* by a counseled defendant).

Further, despite being advised of the need to raise the claim in a post-sentence motion, Bingham waited until after the filing of his notice of appeal to challenge the trial court's ruling on his request to withdraw the plea. Thus, the claim was waived because a "Rule 1925(b) statement of matters complained of on appeal is not a vehicle in which issues not previously asserted may be raised for the first time." **See Commonwealth v. Pardoe**, 133 A.3d 738, 746 (Pa. Super. 2016) (quoting **Glenbrook Leasing Co. v. Beausang**, 839 A.2d 437, 444 9Pa. Super. 2003)).

Even assuming that Bingham preserved his sole issue for our review, it would be unavailing because the trial court did not abuse its discretion in denying Bingham's request to withdraw his plea. The Pennsylvania Rules of Criminal Procedure provide that, "[a]t any time before the imposition of

sentence, the court may, in its discretion, permit, upon motion of the defendant . . . the withdrawal of a plea of guilty . . . and the substitution of a plea of not guilty." Pa.R.Crim.P. 591(A). Such a motion may be granted where "the accused has made some colorable demonstration, under the circumstances, such that permitting withdrawal of the plea would promote fairness and justice." *Commonwealth v. Norton*, 201 A.3d 112, 120-21 (Pa. 2019).

Here, Bingham's written plea agreement does not at all reference that his television would be returned as a condition of the plea. *See* Plea Agreement, 12/16/2021. At the time the plea agreement was signed, the trial court verbally inquired whether Bingham had reviewed the document with counsel, and Bingham responded that he had done so. *See* Transcript of Plea Hearing, 12/16/2021, at p. 5. Both the Commonwealth and the trial court (as well as Bingham's counsel) stressed to him that the trial court did not have the authority to direct the Department of Corrections to return Bingham's television to him while he was still serving his prison term.

Bingham then voluntarily entered his counseled guilty plea after acknowledging the terms of the agreement and stating that he understood everything that had been explained to him at the colloquy. The record

establishes that the trial court's colloquy of Bingham fully comported with the requirements of a knowing and voluntary plea.[1]

In light of these facts, we find no abuse of discretion in the trial court's determination that Bingham failed to make a colorable demonstration as to why the withdrawal of his plea would promote fairness and justice. The order on review must, therefore, stand.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 01/18/2023

---

[1] Under Pa.R.Crim.P. 590, a trial court's colloquy of a defendant must include inquiries into whether the defendant understands the nature of the subject charges; whether there is a factual basis for the plea; whether the defendant understands the right to a jury trial; whether the defendant understands the presumption of innocence; whether the defendant is aware of the applicable sentencing ranges; and whether the defendant is aware that the trial court is not bound by plea agreements between the defendant and the prosecution. **See Commonwealth v. Flood**, 627 A.2d 1193, 1197 (Pa. Super. 1993). The trial court's colloquy of Bingham in this case covered all these required areas of inquiry. Any misunderstanding Bingham may have had prior to entering his plea about his entitlement to his television would have been clarified by the trial court, counsel and the prosecution at the plea hearing.