J-S08008-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ANTHONY CAIBY, | : | |
| | : | |
| Appellant | : | No. 2676 EDA 2024 |

Appeal from the PCRA Order Entered September 18, 2024
In the Court of Common Pleas of Monroe County Criminal Division at
No(s): CP-45-CR-0002035-2013

BEFORE:   DUBOW, J., KUNSELMAN, J., and FORD ELLIOTT, P.J.E.[*]

MEMORANDUM BY DUBOW, J.:                    **FILED APRIL 14, 2025**

Appellant, Anthony Caiby, appeals from the September 18, 2024 order entered in the Monroe County Court of Common Pleas, which dismissed as untimely his third and fourth petitions filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S §§ 9541-46, in which he asserted ineffective assistance of counsel claims against his trial counsel and his prior PCRA counsel.  After careful review, we affirm.

We glean the relevant procedural history from the trial court opinion and the certified record.  On January 13, 2016, a jury convicted Appellant of First-Degree Murder and related offenses.  On April 6, 2016, the trial court sentenced Appellant to the mandatory sentence of life imprisonment without the possibility of parole, plus a consecutive sentence of 42 to 84 months of

_____

[*] Retired Senior Judge assigned to the Superior Court.

incarceration. This Court affirmed his judgment of sentence, and the Pennsylvania Supreme Court denied his petition for allowance of appeal on May 7, 2018. *Commonwealth v. Caiby*, 181 A.3d 434 (Pa. Super. 2017) (unpublished memorandum), *appeal denied*, 185 A.3d 277 (Pa. 2018). Appellant's judgment of sentence became final on August 6, 2018, when the time for seeking *certiorari* in the Supreme Court of the United States expired.

Appellant filed a timely first PCRA petition, docketed July 11, 2018, alleging, *inter alia*, that the Commonwealth's plea offer was a sentence of 6 to 20 years of incarceration, but his trial counsel, Vernon Chestnut, Esq., told him the offer was 20 to 40 years. PCRA Pet., 7/11/18, at 3. The PCRA court denied relief on November 1, 2019, and Appellant did not appeal.

On November 14, 2019, Appellant *pro se* filed a second PCRA petition, which the PCRA court dismissed as untimely on December 5, 2019. Appellant filed two notices of appeal, one of which he later withdrew. Although the court did not formally appoint counsel for Appellant, Donald Gual, Esq., filed a brief on Appellant's behalf, which did not address either the timeliness of the PCRA petition or the failure of either him or Appellant to file a Pa.R.A.P. 1925(b) statement. *Commonwealth v. Caiby*, 2021 WL 2322832 at *2 (Pa. Super. Jun. 7, 2021). We ultimately quashed the appeal because Appellant appealed from an order purportedly entered on December 18, 2019, which was not in

- 2 -

the docket.[1]  ***Id.***  Our Supreme Court denied Appellant's petition for allowance of appeal.  ***Commonwealth v. Caiby***, 303 A.3d 708, 709 (Pa. 2023).

On March 11, 2024, Appellant *pro se* filed his third PCRA petition,[2] the first of the two petitions at issue in this appeal.  In it, Appellant asserted that Attorney Chestnut had failed to disclose the Commonwealth's plea offer of 6 to 20 years of incarceration.  PCRA Pet., 3/11/24, at 2-3 (unpaginated).  This petition did not raise any exceptions to the PCRA's time bar.

On July 17, 2024, Appellant filed his fourth PCRA petition, alleging ineffective assistance of both Attorney Chestnut and Attorney Gual.  PCRA Pet., 7/17/24, at 4.  He maintains the petition is timely based on the governmental interference and newly-discovered fact exceptions to the PCRA's time bar because Attorney Gual's ineffectiveness constituted governmental interference and the existence of the favorable plea offer was a newly-discovered fact.  ***Id***. at 3.

On July 31, 2024, the PCRA court filed a Pa.R.Crim.P. 907 Notice of Intent to Dismiss both petitions because, *inter alia*, Appellant had failed to

---

[1] ***See*** Pa.R.A.P. 301(a)(1) ("Except as provided in subparagraph (2) of this paragraph, no order of a court shall be appealable until it has been entered upon the appropriate docket in the trial court.").

[2] Appellant titled this petition "Motion for ***Lafler*** [***v. Cooper***, 566 U.S. 156 (2012)] Hearing," but the PCRA court properly considered it to be a PCRA petition.  ***See Commonwealth v. Johnson***, 803 A.2d 1291, 1293 (Pa. Super. 2002) ("We have repeatedly held that the PCRA provides the sole means for obtaining collateral review, and that any petition filed after the judgment of sentence becomes final will be treated as a PCRA petition.").

plead and prove an exception to the time bar. Rule 907 Notice, 7/31/24, at 2. In response, Appellant filed an amended petition on August 23, 2024 in which he did not raise any additional arguments regarding timeliness. The PCRA court dismissed both petitions on September 18, 2024.

Appellant appealed *pro se*. Both he and the PCRA court complied with Pa.R.A.P. 1925.[3]

Appellant raises the following issue for our review:

> Whether Appellant's right to effective assisstance [*sic*] of counsel guar[a]nteed to him by the Sixth Amendment of the United States Constitution and Article I, Section 9 of the Pennsylvania Constitution, [a]s well as the rule based rights to counsel in the Pennsylvania Rules of Criminal Procedure 120[(A)](4), and 122 (B)[](2) as well as those violated in [R]ule 904, and Art[itcle] V[,] Section 9 of the Pennsylvania Constitution abandoning him and not filing his appeal as requested, ultimately leading to his appeal getting quashed under Pa[.]R.A.P. 301, for failure to follow those rules on his first PCRA.

Appellant's Br. at 6.

***

We review the denial of a PCRA petition to determine whether the record supports the PCRA court's determination and whether its order is otherwise free of legal error. **Commonwealth v. Fears**, 86 A.3d 795, 803 (Pa. 2014). However, before we review the issue raised on appeal, we must determine whether Appellant's petition satisfies our courts' jurisdictional requirements.

---

[3] The PCRA court issued a Rule 1925(a) statement directing this Court to its July 31, 2024 Rule 907 Notice of Intent to Dismiss and its September 18, 2024 dismissal order. Rule 1925(a) Statement, 11/18/24.

It is well-established that the timeliness of a PCRA petition is jurisdictional; if a PCRA petition is untimely, courts lack jurisdiction over the claims and cannot address substantive claims. ***Commonwealth v. Wharton***, 886 A.2d 1120, 1124 (Pa. 2005). To be timely, a PCRA petition, including a second or subsequent petition, must be filed within one year of the date that a petitioner's judgment of sentence becomes final. 42 Pa.C.S. § 9545(b)(1). "[A] judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of [the] time for seeking the review." 42 Pa.C.S. § 9545(b)(3).

Here, Appellant's petitions, filed almost 6 years after his judgment of sentence became final, are facially untimely. Pennsylvania courts may consider an untimely PCRA petition, however, if the petitioner pleads and proves one of the three exceptions to the time bar set forth in Section 9545(b)(1). Any petition invoking a timeliness exception must be "filed within one year of the date the claim could have been presented." 42 Pa.C.S § 9545(b)(2).

Appellant failed to invoke any of the timeliness exceptions in his March 11, 2024 PCRA petition. Accordingly, we find no abuse of discretion in the PCRA court's dismissal of this petition.

In his July 17, 2024 PCRA petition, Appellant attempted to invoke the government interference and newly discovered facts exceptions. To establish the newly discovered facts exception, a petitioner must plead and prove that

- 5 -

"the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence." 42 Pa.C.S. § 9545(b)(1)(ii).

To establish the government interference exception under 42 Pa.C.S. § 9545(b)(1)(i), "a petitioner must plead and prove (1) the failure to previously raise the claim was the result of interference by government officials, and (2) the petitioner could not have obtained the information earlier with the exercise of due diligence." ***Commonwealth v. Vinson***, 249 A.3d 1197, 1205 (Pa. Super. 2021). Finally, "due to the specific provision in 42 Pa.C.S. § 9545(b)(4) that the term 'government officials' does not include defense counsel[,]" claims of ineffective assistance of counsel do not meet the governmental interference exception. ***Commonwealth v. Abu-Jamal***, 833 A.2d 719, 725 (Pa. 2003).

\*

In his July 17, 2024 petition, Appellant asserted that he met the governmental interference exception because this Court quashed his previous PCRA appeal for procedural defects due to Attorney Gual's ineffectiveness. PCRA Pet., 7/17/24, at 3. Appellant also asserted that he met the newly-discovered fact exception based on his claim that he had learned that the Commonwealth had offered him a plea deal of 6 to 20 years of incarceration, not 20 to 40 years of incarceration as Attorney Chestnut had told him. ***Id.***

In its Rule 907 Notice, the PCRA court determined that Appellant failed to satisfy either exception to the PCRA's time bar. Rule 907 Notice at 2.

- 6 -

Following our review, we determine that the record and legal authority support the PCRA court's conclusion.

First, Appellant has failed to establish the governmental interference exception because claims of ineffective assistance of counsel do not constitute governmental interference. **_Abu-Jamal_**, 833 A.2d at 725. Furthermore, the purported offer of a 6 to 20-year sentence is not a newly-discovered fact for the purpose of his 2024 PCRA petition because Appellant raised the same claim in his first PCRA petition in 2018. PCRA Pet., 7/11/18, at 3. Therefore, Appellant has also failed to establish the newly-discovered facts exception.

Accordingly, we conclude that the PCRA court properly dismissed Appellant's third and fourth PCRA petitions as untimely. We, thus, have no jurisdiction to address the claims raised in Appellant's petitions.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 4/14/2025