J-S21009-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ROGER WILLIAMS | : | |
| | : | |
| Appellant | : | No. 1946 EDA 2024 |

Appeal from the PCRA Order Entered July 1, 2024
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0607531-1999

BEFORE: KUNSELMAN, J., KING, J., and FORD ELLIOTT, P.J.E.[*]

MEMORANDUM BY KUNSELMAN, J.:                **FILED AUGUST 19, 2025**

Roger Williams appeals *pro se* from the order denying his serial petition filed pursuant to the Post Conviction Relief Act ("PCRA"). 42 Pa.C.S.A §§ 9541-46. We affirm.

In a previous appeal, this Court summarized the pertinent facts as follows:

> At around 1:00 a.m. on January 27, 1999, [Williams] and another man arrived at the home of Theresa Armstead posing and dressed as police officers. Carrying guns[,] they forced their way into the home, threatening both Ms. Armstead and her adult son, Robert Armstead, who was in the home at the time. [Williams] pointed his gun at Mr. Armstead's head, demanded money and "everything he got," and threatened to shoot him. They searched the home, and [Williams] went through and took money from Mr. Armstead's pockets. The other man bound Mr. Armstead with

_____

[*] Retired Senior Judge assigned to the Superior Court.

duct tape before both men left the residence. Both Ms. Armstead and Mr. Armstead later identified [Williams] in a photo array.

***Commonwealth v. Williams,*** 2014 WL 10999140, at *1 (Pa. Super. 2014) (non-precedential decision).

On November 17, 1999, following a bench trial, Williams was convicted of robbery, burglary, and related offenses. On February 23, 2000, the trial court sentenced Williams to an aggregate sentence of 36 to 72 years of imprisonment. Williams filed neither a post-sentence motion nor a direct appeal. However, on September 13, 2000, Williams filed a timely *pro se* PCRA petition, the PCRA court appointed counsel, and PCRA counsel filed an amended petition seeking the reinstatement of Williams' appellate rights. The PCRA court granted this petition and Williams filed a timely direct appeal.

In his appeal, Williams asserted that the Commonwealth violated ***Brady v. Maryland***, 373 U.S. 83 (1963), by failing to disclose that Robert Armstead was a police informant. On June 4, 2002, we rejected Williams' argument as meritless and affirmed his judgment of sentence. ***Commonwealth v. Williams***, 806 A.2d 468 (Pa. Super. 2002) (non-precedential decision). On October 10, 2002, our Supreme Court denied Williams' petition for allowance of appeal. ***Commonwealth v. Williams***, 809 A.2d 904 (Pa. 2002).

On March 3, 2003, Williams filed a second *pro se* PCRA petition in which he raised claims of ineffective assistance of counsel and challenges to his sentence. The PCRA court appointed counsel, and PCRA counsel filed an amended petition. On May 21, 2004, the PCRA court denied the petition.

Williams appealed. On September 28, 2006, we affirmed the denial of post-conviction relief, and, on February 14, 2007, our Supreme Court denied his petition for allowance of appeal. *Commonwealth v. Williams*, 911 A.2d 189 (Pa. Super. 2006) (non-precedential decision), *appeal denied*, 917 A.2d 314 (Pa. 2007).

On March 30, 2007, Williams filed a federal petition for writ of *habeas corpus* in which he asserted that the Commonwealth improperly withheld the fact that Robert Armstead was a police informant. The federal magistrate found Williams' claim to be meritless, because Williams failed to provide any documentation that Armstead was an informant, and thus Williams could not establish that the alleged evidence was material under *Brady*. The magistrate recommended dismissal, and the district court adopted the recommendation on September 26, 2007, *Williams v. Nish*, 2007 WL 2852443 (E.D. Pa. 2007).

Thereafter, Williams filed a third PCRA petition in 2010 and a fourth petition in 2015. In both instances, the PCRA court denied post-conviction relief and we affirmed each denial. *See Commonwealth v. Williams*, 96 A.3d 1082 (Pa. Super. 2014) (non-precedential decision); *Commonwealth v. Williams*, 169 A.3d 1178 (Pa. Super. 2017) (non-precedential decision).

On May 6, 2022, Williams filed the PCRA petition at issue, his fifth. In this petition, Williams claimed that former assistant district attorney ("ADA"), David Desiderio, had a history of misconduct that was not disclosed by the Commonwealth prior to his 1999 bench trial. In addition, Williams again

asserted that the Commonwealth committed a ***Brady*** violation by failing to disclose that Robert Armstead was a police informant. On May 3, 2023, the case was reassigned to a different judge due to the original PCRA judge's pending retirement. Thereafter, Williams filed several motions for discovery, which the PCRA court denied on May 3, 2024. Also on that date, the PCRA court issued a Criminal Rule 907 notice of its intent to dismiss Williams' 2022 petition because it was untimely and his claim regarding a ***Brady*** violation was previously litigated. Williams filed a response. By order entered July 1, 2024, the PCRA court dismissed Williams' petition. This timely appeal followed. Both Williams and the PCRA court have complied with Appellate Rule 1925.

Williams raises the following issue on appeal:

> Whether the PCRA court erred as a matter of law by dismissing [Williams'] PCRA petition claim(s) raised under §§9545(B)(1)(i), 9545(B)(1)(ii), and ***Brady*** as untimely, because the claim for relief [was] premised upon the underlying information contained in the Philadelphia District Attorney Office's Verified Joint Stipulation of Fact of Petition[er] Theophalis Wilson and Respondent Commonwealth of Philadelphia [sic] and the *Verified* Commonwealth's Answer to Petition for Post Conviction Relief did not exist in the public domain prior to its publication in a civil action and the Philadelphia District Attorney Office's concessions in its verified filings that it had a custom, policy, and practice of unconstitutionally suppressing exculpatory evidence and its assistant district attorneys practiced such misconduct triggered the one-year window within [which Williams] had to file his PCRA petition under §9545(B)(2), thus satisfying the timeliness exceptions and ***Brady***?

Williams' Brief at 4 (emphasis in original; excess capitalization omitted).

This Court's standard of review regarding an order dismissing a petition under the PCRA is to ascertain whether "the determination of the PCRA court is supported by the evidence of record and is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." *Commonwealth v. Barndt*, 74 A.3d 185, 191-92 (Pa. Super. 2013) (citations omitted).

> The PCRA court has discretion to dismiss a petition without a hearing when the court is satisfied that there are no genuine issues concerning any material fact, the defendant is not entitled to post-conviction collateral relief, and no legitimate purpose would be served by further proceedings. To obtain a reversal of a PCRA court's decision to dismiss a petition without a hearing, an appellant must show that he raised a genuine issue of material fact which, if resolved in his favor, would have entitled him to relief, or that the court otherwise abused its discretion in denying a hearing.

*Commonwealth v. Blakeney*, 108 A.3d 739, 750 (Pa. 2014) (citations omitted).

We first consider whether the PCRA court correctly concluded that Williams 2022 petition was untimely filed. The timeliness of a post-conviction petition is jurisdictional. *Commonwealth v. Hernandez*, 79 A.3d 649, 651 (Pa. Super. 2013). Generally, a petition for relief under the PCRA, including a second or subsequent petition, must be filed within one year of the date the judgment becomes final, unless the petitioner alleges and proves that an exception to the time for filing the petition is met. The three narrow statutory exceptions to the one-year time bar are as follows: "(1) interference by government officials in the presentation of the claim; (2) newly discovered

facts; and (3) an after-recognized constitutional right." ***Commonwealth v. Brandon***, 51 A.3d 231-233-34 (Pa. Super. 2012) (citing 42 Pa.C.S.A. § 9545(b)(1)(i-iii)). A PCRA petition invoking one of these statutory exceptions must be filed within one year of the date the claim could have been presented." 42 Pa.C.S.A. § 9545(b)(2).

Here, Williams' judgment of sentence became final on January 8, 2003, ninety days after our Supreme Court denied his petition for allowance of appeal and the time for filing a writ of *certiorari* to the United States Supreme Court expired. ***See*** 42 Pa.C.S.A. § 9545(b)(3). Therefore, Williams had until January 8, 2004, to file a timely petition. Because Williams filed his fifth petition in 2022, it is patently untimely unless he has satisfied his burden of pleading and proving that one of the enumerated exceptions applies. ***See Hernandez***, ***supra***.

Williams has failed to plead and prove a time-bar exception. Williams argues that the Commonwealth's filings regarding then prosecutor David Desiderio's alleged misconduct in unrelated cases satisfied both the governmental interference and newly-discovered-fact exceptions to the PCRA's time bar, and that he was entitled to a new trial based on his claim that Desiderio suppressed ***Brady*** material regarding the informant status of Robert Armstead.

At times in his 84-page brief, Williams blends the distinct requirements for each exception. Nonetheless, we will consider both timeliness exceptions as applied to his claim.

First, however, we discuss each time-bar exception. Williams asserts that he met the governmental interference exception to the PCRA's time bar as to both claims because the Commonwealth committed a violation of *Brady v. Maryland*, 373 U.S. 83 (1963). Although a *Brady* violation might fall within the governmental interference exception to the PCRA's time bar, to meet this exception, the PCRA statute requires a petitioner to plead and prove: (1) the failure to previously raise the claim was the result of interference by government officials, and (2) the information on which he relies could not have been obtained earlier with the exercise of due diligence. *Commonwealth v. Vinson*, 249 A.3d 1197. 1205 (Pa. Super. 2021).

This Court has explained the newly-discovered-fact exception to the PCRA's time bar as follows:

> The timeliness exception set forth in Section 9545(b)(1)(ii) requires a petitioner to demonstrate he did not know the facts upon which he based his petition and could not have learned of those facts earlier by the exercise of due diligence. Due diligence demands that the petitioner take reasonable steps to protect his own interests. A petitioner must explain why he could not have learned the new fact(s) earlier with the exercise of due diligence. This rule is strictly enforced. Additionally, the focus of this exception is on the newly discovered facts, not on a newly discovered or newly willing source for previously known facts.

- 7 -

The timeliness exception set forth at Section 9545(b)(1)(ii) has often mistakenly been referred to as the "after-discovered evidence" exception. This shorthand reference was a misnomer, since the plain language of subsection (b)(1)(ii) does not require the petitioner to allege and prove a claim of "after-discovered evidence." Rather, as an initial jurisdictional threshold, Section 9545(b)(1)(ii) requires a petitioner to allege and prove that there were facts unknown to him and that he exercised due diligence in discovering those facts. Once jurisdiction is established, a PCRA petitioner can present a substantive after-discovered evidence claim.

*Commonwealth v. Brown*, 111 A.3d 171, 176 (Pa. Super. 2015) (citations omitted).

Williams argues that the PCRA court had jurisdiction to address his otherwise untimely PCRA petition. He explains:

[T]here were two newly-discovered facts *as a result* of the May . . . 2021 Civil Rights Lawsuit, [*Wilson v. City of Philadelphia*, 2023 WL 5186258 (E.D. Pa. 2023)] and a *corresponding* December 2021, Newspaper article, *which led* to the discovered [Philadelphia District Attorney Office ("PDAO")]'s *public admittance* and *their concession* of the unconstitutional customs, [policies] and suppression practices *in their corroborated* January 2020 filings, upon which my [claim] is predicated.

Willaims' Brief at 26-27 (emphasis in the original).

The January 2020 filing to which Williams refers is the Commonwealth's entering into a "Joint Stipulations of Fact of Petitioner Theophalis Wilson and Respondent of Commonwealth of Pennsylvania," in Wilson's post-conviction proceeding. According to Williams, in this stipulation the PDAO admitted, for the first time, that under the leadership of a former district attorney, the PDAO "implemented, and maintained, customs, patterns, policies and practices" and

that the assistant district attorneys ["ADA"], "*incorporated* and *practiced*" this [misconduct] and "unconstitutional practice of suppressing material [exculpatory] ***Brady*** evidence in criminal cases[.]" Williams' Brief at 27. (emphasis in original). Williams further cites this stipulation to emphasize that several of the ***Brady*** violations "*appear purposeful at worse and reckless*." ***Id.***

Finally, regarding former ADA Desiderio, Willaims emphasizes that the stipulation stated that, in Wilson's criminal proceeding, former ADA Desiderio "**acted in bad faith;** his *ongoing suppression* of **prior cooperation** . . . **cannot** be attributed to mere failure to *review the record;*" and "former ADA Desiderio's . . . **repeated failure** to provide . . . prior cooperation information . . . **cannot** be easily attributed to ignorance." ***Id.***

Essentially, Williams asserts that the newly-discovered fact was the PDAO public acknowledgement that the Philadelphia ADAs, and in particular, former ADA Desiderio, had a "pattern and practice" of committing ***Brady*** violations, and that, consistent with pattern and practice, former ADA failed to inform his trial counsel that Robert Armstead was a police informant.

Here, the PCRA court found that Williams failed to establish a time-bar exception, and, even if he could, Williams' assertion that a ***Brady*** violation occurred in his case was previously litigated:

> [Williams] attempts to claim the newly discovered facts exception to the timeliness requirement based on alleged misconduct on the part of [former ADA Desiderio]. [Williams] argues that he learned of [former ADA Desiderio's] misconduct through a newspaper article published in December 2021, as well

- 9 -

as several civil complaints, and this information shows that [former ADA Desiderio] committed a **Brady** violation in his case by withholding the fact that [Armstead] was a police informant. The article and complaint to which [Williams] refers are not newly discovered fact[s] for the purposes of the PCRA, as they are not evidence of misconduct. Moreover, they amount to nothing more than a newly identified source for [Williams'] previously known claims that the Commonwealth withheld [Armstead's] status as a police informant. Therefore, [Williams] has not made out an exception to the timeliness requirement.

Even if [Williams'] petition were timely, the substantive issue raised in his petition has been previously litigated. An issue had been previously litigated [under the PCRA] if the highest appellate court in which the petitioner could have had review as a matter of right has ruled on the merits of the issue. [Williams] raised the issue of the Commonwealth's alleged **Brady** violation and [Armstead's] status as a police informant on direct appeal to the Superior Court in 2001. The Superior Court held that [Williams'] **Brady** claims were based on speculation and that he had not demonstrated, in light of the totality of the evidence produced a trial, that the allegedly withheld evidence was material to his case. The Supreme Court of Pennsylvania denied *allocatur* on October 10, 2002. The federal courts also determined [Williams] claims were without merit. Therefore, the issue is previously litigated and cannot now serve as grounds for relief under the PCRA.

PCRA Court Opinion, 9/3/24, at 6-7 (quotation marks and citations omitted).[1]

Our review of the record supports the PCRA court's conclusions. It is now well-settled that newspaper articles cannot constitute newly-discovered

---

[1] Clearly, Williams suspected that Armstead was a police informant as early as 2000, when his trial counsel speculated as much at Williams' sentencing proceeding. Nonetheless, Willams asserts that he acted with due diligence after he learned of Wilson's civil rights lawsuit in the newspaper. **See** Williams' Brief at 12-15. As discussed **infra**, while he may have acted with due diligence once learning of Wilson's lawsuit, he did not discover a new "fact" involving his own case.

facts. ***See generally***, ***Commonwealth v. Castro***, 93 A.3d 818 (Pa. 2014). Nonetheless, Williams contends that, after reading this article, he learned of the stipulation entered into by the Commonwealth regarding the criminal prosecution underlying Wilson's civil rights complaint. While this stipulation raised "new facts" regarding Wilson's case, it had no nexus to Williams' own criminal case. ***See Commonwealth v. Reeves***, 296 A.3d 1228, 1233 (Pa. Super. 2023) (explaining that newspaper articles referencing misconduct by Philadelphia detectives in matters unrelated to Reeves do not constitute newly-discovered facts; Reeves cites no new information in his case); ***see also Commonwealth v. Hill***, 303 A.3d 757, at \*5 (Pa. Super. 2023) (non-precedential decision) (explaining that when a newspaper reports on admissions or conclusive findings of wrongdoing by . . . a prosecutor who was also involved in the petitioner's case, the petitioner still must demonstrate that such wrongdoing may be linked to his case").

Here, Williams cites factual stipulations by the Commonwealth in other cases, yet proffers no evidence of actual misconduct in his case. To date, Williams has failed to proffer any evidence that, at the time of his waiver trial, Armstead was acting as a police informant. Thus, Williams cannot establish government interference based on a ***Brady*** violation. Nonetheless, as noted by this Court in his 2001 direct appeal, Williams continues to ignore that Armstead's mother also positively identified Williams as the perpetrator of the crimes. ***See Williams***, ***supra*** (non-precedential decision at 4 n.3).

In sum, because the PCRA court correctly concluded that Williams did not establish any exception to the PCRA's time bar, the court properly dismissed his 2022 petition as untimely filed. Neither the PCRA court nor this Court had jurisdiction to consider the merits of Williams' petition. ***Derrickson***, ***supra***. We therefore affirm PCRA court's order denying him post-conviction relief.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 8/19/2025